ELTON EUGENE SHAW AND EVELYN MARIE THOMPSON SHAW, PLAINTIFFS v. LARRY MILTON BURTON, REX OIL CO., INC. AND MARGARET FOSTER KNIGHT, DEFENDANTS

No. 8918SC1401

(Filed 17 September 1991)

1. **Automobiles and Other Vehicles § 665 (NCI4th) — automobile accident — contributory negligence — directed verdict for defendants — proper**

    The trial court properly directed a verdict for defendants Burton and Rex Oil Company in an action arising from an

automobile accident where the evidence shows without contradiction that before being hit the male plaintiff stood in the highway for two or three minutes when not under a disability and not engaged in an emergency task, without watching for vehicles entitled to use the way.

**Am Jur 2d, Automobiles and Highway Traffic §§ 422, 475.**

2. **Automobiles and Other Vehicles § 571 (NCI4th) — automobile accident — last clear chance — directed verdict improper**

The trial court erred in an action arising from an automobile accident by ruling that last clear chance did not apply to defendant Knight and directing a verdict in her favor where defendant Knight was nearly a half mile away traveling on a straight, level highway at a speed of only 35-40 miles per hour in clear weather on a dark night when an accident scene came into view; the accident scene consisted of two lighted vehicles and three men astride her line of travel; facing her as she drove along were lights that ran along the side of a 45-foot tanker and the taillights and red reflectors of an automobile; and she saw neither the men nor vehicles and made no attempt to stop the car until it was virtually upon them.

**Am Jur 2d, Automobiles and Highway Traffic §§ 438-441.**

APPEAL by plaintiffs from judgment entered 8 August 1989, *nunc pro tunc* 3 August 1989, by *Judge Lester P. Martin, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 23 August 1990.

Plaintiffs seek damages for injuries allegedly sustained by the male plaintiff in two accidents that occurred within a few minutes of each other during the early morning of 28 October 1986 at the same place on Chimney Rock Road in Greensboro. The first accident occurred at about 5:20 a.m. when a southbound oil tanker driven by Larry Burton, an employee of Rex Oil Company, turned left to enter an oil terminal on the east side of the road and collided with Shaw's northbound automobile. The second accident happened three or four minutes later when Shaw, defendant Burton, and another man were struck by the northbound automobile of defendant Margaret Foster Knight while they stood in the highway near the wrecked vehicles. The complaint alleges that Shaw was injured in both accidents; that defendants Burton and Rex Oil Company are jointly and severally responsible for the damages resulting

## SHAW v. BURTON

[104 N.C. App. 113 (1991)]

from the first accident; and that all three defendants are jointly and severally responsible for the damages resulting from the second accident. In answering the complaint all the defendants alleged that Shaw contributed to the second accident by negligently standing in the road inattentive to Ms. Knight's approaching car. In their reply to defendant Knight's answer plaintiffs alleged that she had the last clear chance to avoid the accident. At the close of plaintiffs' evidence pursuant to defendants' motions, the court ruled that the evidence establishes the male plaintiff's contributory negligence as a matter of law but does not support the last clear chance doctrine, and directed verdicts against all of plaintiffs' claims based upon the second accident. In trying the issues based upon the first accident, the jury found that Shaw was not injured in that accident by the negligence of defendants Burton and Rex Oil Company and judgment was entered on the verdict.

In regard to the second accident plaintiffs' evidence, when viewed in the light most favorable to them, tends to show the following: The accident occurred about 5:23 a.m. while it was still dark. At the point involved Chimney Rock Road runs north and south, is approximately 23½ feet wide, and has a wide, level shoulder. After the first collision plaintiff's car and the 45 foot oil carrying rig completely blocked both lanes of the road. The tractor was headed into the oil terminal at a southeasterly angle and the front part of its left side was off the traveled part of the highway; the tanker, still attached to the tractor, extended to the opposite side of the road at a northwesterly angle. Plaintiffs' 1985 Oldsmobile was slightly to the south of the tanker, headed in a northeasterly direction; its right front was opposite the right front wheels of the tanker and its left rear was at the center line of the road. Shaw immediately got out of his car, the lights of which were left on, and looked at the damage done. Immediately after the impact Burton radioed another Rex Oil driver in the area, who called the police, and in getting out of the tractor he left the engine running and all of the rig's lights on. The tractor's headlights were shining in the direction of the oil terminal; the lights along the right side of the tanker faced south and its rear lights shined in a northwesterly direction. The headlights on plaintiff's car shined in a northeasterly direction, its taillights and red reflectors faced northbound traffic. The area was also illuminated to some extent by overhead lights at the front of the adjacent oil terminal. Neither Burton nor Shaw activated any flashers or put any flares or other

warning devices on the roadway. Shaw's vehicle was substantially damaged and he was visibly upset. Shaw asked Burton what he was doing in crossing in front of his car like that. Burton said, "Calm down, take it easy. I did not see you. . . . It was my fault. I will take care of everything." Neither appeared to be injured and each asked the other if he was hurt. Shaw replied that he felt pain in his back, shoulder and neck. While Shaw and Burton looked at the damages Richard Brown, a worker at the oil terminal, joined them in the road next to the vehicles. About three minutes after the collision while standing between the car and the tanker, and while facing in a northwesterly direction Shaw, Burton and Brown were hit by defendant Knight's northbound car, the first vehicle to approach the scene after the collision. The weather was clear. The pavement was smooth, dry, straight and level; south of the scene no obstruction blocked the view of northbound traffic for approximately a half a mile. The Knight car approached the scene at a lawful speed of 35 to 40 miles per hour with its headlights on low beam and hit the three men in the back, knocked them under the oil tanker, collided with the right rear of the tractor, and ended up just to the right of plaintiffs' car. Ms. Knight did not see Shaw's automobile, the oil tanker, or the three men "until right before the accident." The horn was not sounded and her car left 29 feet of skid marks. A moment or two later, traveling the same route that Knight had, the police officer who responded to the call about the first accident saw the accident scene as he approached and had no trouble stopping.

*Smith Helms Mulliss & Moore, by McNeill Smith and George Kimberly, for plaintiff appellants.*

*Henson Henson Bayliss & Sue, by Jack B. Bayliss and James H. Slaughter, for defendant appellees Larry Milton Burton and Rex Oil Co., Inc.*

*Frazier, Frazier & Mahler, by Robert A. Franklin and James D. McKinney, for defendant appellee Margaret Foster Knight.*

PHILLIPS, Judge.

The only questions of substance presented for our determination are whether the court erred in directing verdicts against plaintiffs' claims based upon the second accident. Other questions are posed but they either have no basis or are superfluous. Plaintiffs' arguments that the court erred in refusing to instruct the jury

as to their damages in the second accident and the negligence of defendants Burton and the oil company in causing it serve no purpose; for if the verdict directed in the defendants' favor is upheld the refusals to instruct were proper, and if it is not a new trial will be ordered. Their other argument—that they were prejudiced during the trial by the court, over plaintiffs' "repeated objections," permitting defendant Knight to cross-examine plaintiff with photographs that counsel refused to let plaintiffs' counsel see— has no foundation as the record contains no objection to the cross-examination involved.

[1]   As to the verdict directed in favor of defendants Burton and Rex Oil Company, plaintiffs' evidence does establish the contributory negligence of the male plaintiff in regard to the second accident as a matter of law and the verdict directed in favor of these defendants with respect thereto was proper. All persons *sui juris* are required to exercise reasonable care for their own safety, *Garmon v. Thomas*, 241 N.C. 412, 85 S.E.2d 589 (1955), and the evidence clearly establishes that such care was not exercised by the male plaintiff in regard to the second accident. For their evidence shows without contradiction that before being hit by defendant Knight's car the male plaintiff stood in the highway or road for two or three minutes, when not under a disability and not engaged in an emergent task of any kind, without watching out for vehicles entitled to use the way. Such indifference to one's own safety is not reasonable care; it can only be characterized as negligence. *Price v. Miller*, 271 N.C. 690, 157 S.E.2d 347 (1967).

[2]   But, contrary to the court's ruling, plaintiffs' evidence does give rise to the last clear chance doctrine and the verdict directed in favor of defendant Knight was error. In ruling that the doctrine does not apply to defendant Knight, the court in effect concluded that the only inference that can reasonably be drawn from the evidence is that in driving her car along the road under the conditions that then existed defendant Knight in the exercise of reasonable care could not or should not have discovered that the two vehicles and the three men were in the roadway in time to avoid striking them. We view the evidence differently. When viewed in its most favorable light for the plaintiffs the evidence indicates, in gist, that defendant Knight was nearly a half mile away traveling on a straight, level highway at a speed of only 35-40 miles per hour in clear weather, on a dark night, when the accident scene consisting of two lighted vehicles and three men astride her line of

travel came into her view, and that facing her as she drove along were lights that ran along the side of a 45-foot tanker and the taillights and red reflectors of an automobile, and that she saw neither the men nor vehicles and made no attempt to stop the car until it was virtually upon them. This evidence does not necessarily lead to the conclusion that defendant could not have discovered the perilous situation in time to avoid the collision. It can reasonably be inferred from it, we think, that had defendant maintained a proper lookout as she drove along she could have discovered the peril in ample time to stop her car before colliding with either the men or the vehicles. In *Exum v. Boyles*, 272 N.C. 567, 158 S.E.2d 845 (1968), under circumstances that were somewhat similar, but less favorable to the injured person than are those in this case, the last clear chance doctrine was applied. In *Exum*: The motorist at 55 m.p.h. was traveling 15 or 20 miles an hour faster than defendant Knight, and thus required a longer distance in which to stop than she did; the motorist's maximum visibility was 200 yards, only a fraction of defendant Knight's half mile; the person injured was barely on the edge of the pavement and his car was a foot or so off the pavement, whereas in this case two lighted vehicles and three men were in the middle of defendant's lane of travel. As indicated in *Exum* it is not essential to the application of the doctrine that defendant Knight saw or in the exercise of reasonable care could have seen the imperilled men as she drove along; it is enough that she could see the lighted vehicles blocking the highway; for from its inception the doctrine has applied to imperilled property as well as persons, *Davies v. Mann*, 10 M. & W. 546, 152 Eng. Rep. 588 (1842), and the lighted vehicles in the highway were an indication to defendant not only that they would be damaged if she did not stop, but also that some dismounted passengers might be near.

No error is found in the judgment dismissing all of plaintiffs' claims against defendants Burton and Rex Oil Company. The judgment dismissing plaintiffs' claims against defendant Knight is reversed and the matter remanded to the Superior Court for a new trial in accordance with this opinion.

No error in part; reversed in part; and remanded.

Judges JOHNSON and PARKER concur.