PRIVETT v. YARBOROUGH

[166 N.C. App. 664 (2004)]

———————

CHRISTOPHER PRIVETT, Plaintiff v. MARY BULLOCK YARBOROUGH, Defendant

No. COA03-1655

(Filed 19 October 2004)

**Motor Vehicles— automobile accident—negligence—last clear chance instruction**

The trial court did not err in a negligence action arising out of a motor vehicle-pedestrian accident by submitting the issue of last clear chance to the jury and by entering judgment in favor

of plaintiff, because the evidence when viewed in the light most favorable to plaintiff supports a reasonable inference of each essential element of the doctrine including that: (1) plaintiff testified that he never saw defendant's car approaching him; (2) regardless of whether defendant saw plaintiff or the other two men in the roadway, the lighted vehicles stopped in the road were an indication that the drivers of those vehicles might be nearby; (3) a jury might reasonably conclude that defendant had the time and means to avoid striking plaintiff by exercising reasonable care; and (4) it can reasonably be inferred that had defendant maintained a proper lookout as she drove along she could have discovered the peril in ample time to stop her car before colliding with defendant.

Appeal by defendant from judgment entered 12 June 2003 by Judge Ronald Stephens in the Superior Court in Warren County. Heard in the Court of Appeals 15 September 2004.

*Jones, Martin, Parris & Tessener Law Offices, P.L.L.C., by Sean A. B. Cole, for plaintiff-appellee.*

*Baker, Jenkins, Jones, Murray, Askew & Carter, P.A., by Kevin N. Lewis, for defendant-appellant Mary Bullock Yarborough.*

*Broughton, Wilkins, Sugg & Thompson, P.L.L.C., by R. Palmer Sugg and Benjamin E. Thompson, III, for unnamed defendant-appellant N.C. Farm Bureau Mutual Insurance Company.*

HUDSON, Judge.

On 17 May 2002, plaintiff Christopher Privett filed a complaint against defendant Mary Bullock Yarborough, seeking damages for personal injuries resulting from a car crash. On 10 June 2002, defendant answered, raising the defense of contributory negligence. On 12 June 2002, plaintiff replied alleging that defendant had the last clear chance to avoid the wreck. On 14 May 2002, the parties stipulated that only three issues could potentially be submitted to the jury: negligence of defendant, contributory negligence of plaintiff, and last clear chance by defendant. The parties reserved the right to object to submission to the jury of any issue if not supported by the evidence. The jury returned a verdict finding that; yes, plaintiff was injured by defendant's negligence; yes, plaintiff's negligence contributed to his injuries; and yes, defendant had the last clear chance to avoid plain-

tiff's injuries. Defendant appeals. For the reasons discussed below, we affirm.

The evidence tended to show that on 26 January 2002, near sunset, plaintiff and Cornell Hendricks were transporting a large wardrobe in the back of plaintiff's pickup truck. On a straight stretch of road, the wardrobe fell off the truck and into the road. Plaintiff stopped his truck in the middle of his lane, with the front wheels approximately one foot from the centerline, and the back wheels about six inches closer to the centerline. Plaintiff turned on his headlights and flashing hazard lights. As plaintiff and Mr. Hendricks began picking up pieces of the wardrobe, another car came up behind plaintiff's vehicle, stopped, and turned on its headlights and flashing hazard lights. The passenger in that car, Charlie Jones, began to help pick up the wardrobe debris. The three men picked up a large part of the wardrobe and carried it to plaintiff's truck. As they lifted the wardrobe into the truck, plaintiff stood at the rear centerline side of his truck. Moments later, defendant's car approached from the opposite direction and struck plaintiff as he retrieved a piece of debris from defendant's lane. Plaintiff never saw defendant's car and remembered nothing until he regained consciousness as an ambulance approached.

Defendant assigns error to the court's submission of the issue of last clear chance to the jury, arguing that plaintiff failed to establish the elements of that doctrine. We disagree.

The issue of last clear chance:

must be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine. To obtain an instruction on the doctrine of last clear chance, the plaintiff must show the following essential elements:

1) The plaintiff, by her own negligence put herself into a position of helpless peril;

2) Defendant discovered, or should have discovered, the position of the plaintiff;

3) Defendant had the time and ability to avoid the injury;

4) Defendant negligently failed to do so; and

5) Plaintiff was injured as a result of the defendant's failure to avoid the injury.

*Kenan v. Bass*, 132 N.C. App. 30, 32-33, 511 S.E.2d 6,7-8 (1999) (citations and quotation marks omitted).

"[E]vidence tending to show the injured pedestrian either was not facing oncoming traffic or did not see the approaching vehicle has been found sufficient to satisfy the first element, our courts reasoning that the pedestrian who did not apprehend imminent danger could not reasonably have been expected to act to avoid injury." *Nealy v. Green*, 139 N.C. App. 500, 505-06, 534 S.E.2d 240, 244 (quotation marks omitted). Here, plaintiff testified that he never saw defendant's car approaching him.

Regarding the second element, "a motorist upon the highway . . . does owe a duty to all other persons using the highway . . . to maintain a lookout in the direction in which the motorist is traveling." *Exum v. Boyles*, 272 N.C. 567, 576, 158 S.E.2d 845, 852-53 (1968). Where "[i]t can reasonably be inferred . . . that had defendant maintained a proper lookout as she drove along she could have discovered the peril in ample time to stop her car before colliding with either the men or the vehicles," the second element is established. *Shaw v. Burton*, 104 N.C. App. 113, 118, 408 S.E.2d 199, 202, *disc. review denied*, 330 N.C. 442, 412 S.E.2d 75 (1991). In *Shaw*, we held that "it is not essential to the application of the doctrine that defendant saw or in the exercise of reasonable care could have seen the imperiled men as she drove along; it is enough that she could see the lighted vehicles blocking the highway . . . and the lighted vehicles in the highway were an indication to defendant not only that they would be damaged if she did not stop, but also that some dismounted passengers might be near." *Id.* (citation omitted) Here, the evidence tended to show that plaintiff's and Mr. Jones's vehicles were parked in the middle of their lane, with headlights on and hazard lights flashing. Regardless of whether defendant saw plaintiff or the other two men in the roadway, the lighted vehicles stopped in the road were an indication that the drivers of those vehicles might be nearby.

Third, the evidence must show that defendant had the time and means to avoid injuring plaintiff. This Court has held the time sufficient even when the defendant failed to see the plaintiff until within ten feet of him, a split second before impact. *Nealy*, 139 N.C. App. at 509, 534 S.E.2d at 246.

> Given defendant's duty to maintain a proper lookout and the circumstances that the area was well-lighted, the weather was clear, the road was straight, there were no obstructions in the road, and

that defendant himself testified that his visibility and vision had not been affected by the passing of two trucks traveling in the opposite direction, a jury might reasonably conclude that defendant had the time . . . to avoid the injury to the plaintiff by the exercise of reasonable care after [he] . . . should have discovered plaintiff's perilous position.

*Id.* (quotation omitted) Here, the evidence showed that defendant traveled along a straight section of road for approximately one-half mile approaching the flashing lights of two vehicles stopped in the road before striking plaintiff. Thus, a jury might reasonably conclude that defendant had the time and means to avoid striking plaintiff by exercising reasonable care.

Finally, the " 'original negligence' of the defendant is sufficient to bring the doctrine of the last clear chance into play if the other elements of that doctrine are proved." *Exum*, 272 N.C. at 576-7, 158 S.E.2d at 853. "The only negligence of the defendant may have occurred after he discovered the perilous position of the plaintiff." *Id.* Here, "[i]t can reasonably be inferred . . . that had defendant maintained a proper lookout as she drove along she could have discovered the peril in ample time to stop her car before colliding with" defendant. *Shaw*, 104 N.C. App. at 118, 408 S.E.2d at 202.

Because the evidence, when viewed in the light most favorable to the plaintiff, supports a reasonable inference of each essential element of the doctrine, the court properly submitted the issue to the jury. In turn, because the issue was properly submitted to the jury, as discussed above, the court did not err in entering judgment in favor of plaintiff.

Affirmed.

Judges TYSON and BRYANT concur.