J. T. HUNTER v. KENNETH BRUTON.

(Filed 29 November, 1939.)

**Automobiles §§ 8, 18a—Whether acts of defendant when confronted with sudden emergency constituted negligence held for jury.**

The evidence tended to show that plaintiff and defendant were driving their respective cars in opposite directions, that plaintiff struck a slick place in the highway, causing his car to skid to its left, strike a telephone pole on its left side of the highway, turn around and stop in a cornfield beyond the hard surface on its left side, and that defendant turned his car to the right and ran off his right side of the highway and struck plaintiff's car. There was conflict in the evidence whether plaintiff's car had been standing still only a fraction of a second or a minute and a half before it was struck by defendant's car. *Held:* Whether defendant was negligent in running off the highway to the right and striking plaintiff's car under the emergency that confronted him is a question for the jury, and an instruction to the effect that if defendant ran off the highway to his right and struck plaintiff's car, which was standing still, defendant would be guilty of negligence, is error.

APPEAL by the defendant from *Johnston, Special Judge,* at May Special Term, 1939, of MECKLENBURG. New trial.

*G. T. Carswell and Joe W. Ervin for·plaintiff, appellee.*
*Gover & Covington for defendant, appellant.*

SCHENCK, J. This is an action to recover damages for personal injuries arising out of an automobile collision alleged to have been proxi-

mately caused by the negligence of the defendant. The plaintiff was driving one car and the defendant was driving the other. The plaintiff's car was being driven in a southerly direction and the defendant's car in a northerly direction. The plaintiff's car struck a slick place in the highway which caused it to run to its left across the highway, to strike a telephone pole on its left side of the highway, and to turn around and come to a stop in the cornfield on its left side of the highway. The defendant turned his car to his right off of the highway and struck the plaintiff's car. The evidence is conflicting as to how long the plaintiff's car had been at a standstill before it was stricken by the defendant's car. The plaintiff's evidence tends to show between a minute and a minute and a half, and the defendant's evidence at most "a fraction of a second."

The plaintiff's contention is that the defendant was negligent in running off of the highway on his (defendant's) right side thereof and striking the plaintiff's car, which had cleared the road and come to rest in time for the defendant to have remained on the highway and driven by him without colliding.

The defendant's contention is that he saw the plaintiff's car approaching him from the opposite direction, saw it leave its right side of the highway, cross over on its left side, and approach close enough to defendant's car to cause him to think his car would collide with plaintiff's car if he remained on the highway and that he ran his car off of the highway to his (defendant's) right in an endeavor to avoid a collision, and that plaintiff's car left the highway on plaintiff's left side thereof in front of the defendant's car and thereby caused the collision, with its consequent damage.

The question presented by these conflicting contentions, both of which are supported by evidence, is whether the defendant was negligent in leaving the highway on his right and thereby causing the collision.

The following excerpt from his Honor's charge upon the first issue is made the basis for an exceptive assignment of error:

"Now if you find, of course there being no burden upon the defendant, that the plaintiff's car got in his road of travel when the defendant was doing all he could do about it, and he couldn't help but hit it, of course the plaintiff can't recover, but if the plaintiff has satisfied you by the greater weight of the evidence, the burden being upon the plaintiff, that his car had left the road at a time when the road was clear, had switched around after hitting the telephone pole and had come to a standstill and was standing still, and the defendant ran off the road and struck him when he was standing still there in the cornfield, then you will answer that issue 'Yes.' If you fail to so find, or if your minds are equally balanced about it and you don't know how it was, you will answer it 'No.' "

We think, and so hold, that this exception is well taken, since it fails to make any reference to the time the plaintiff's car may have been "standing still" at the time of the collision. If the car had been "standing still" for only "a fraction of a second" when stricken it might not follow, certainly would not follow as a matter of law, that the defendant was negligent in running off of the highway in an endeavor to avoid the collision; and even if the plaintiff's car had been "standing still" for a minute and a half, as contended by the plaintiff, it would still be a question for the jury to determine whether the leaving of the highway by the defendant was negligence under the emergency that confronted him. "Peril and the discovery of such peril in time to avoid injury constitutes the back log of the doctrine of last clear chance." *Brogden, J.,* in *Miller v. R. R.,* 205 N. C., 17.

We hold that the trial judge ruled correctly when he refused the defendant's motion to dismiss the action properly made and renewed under C. S., 567.

For the error assigned there must be a

New trial.