RAYMOND A. WANNER, EXECUTOR OF THE ESTATE OF ALICE H. McNIEL, DECEASED v. RAYMOND P. ALSUP.

(Filed 22 September, 1965.)

**1. Automobiles § 33—**

The mere fact that a pedestrian attempts to cross a street at a point other than a crosswalk is not sufficient, standing alone, to support a finding of contributory negligence as a matter of law. G.S. 20-174(a)(e).

**2. Automobiles §§ 42a, 45;   Negligence § 26—**

Contributory negligence does not warrant nonsuit when plaintiff alleges and introduces evidence sufficient to raise the issue of last clear chance for the determination of the jury.

**3. Automobiles § 42k—**

Where the evidence discloses that intestate, dressed in white, was walking diagonally northeast in crossing a north-south street, that she was plainly visible for some distance, and that defendant, driving north, made no attempt to avoid striking her, did not sound his horn or give any warning of his approach, did not slow down, stop or turn, and struck her when she had gotten within a very short distance of the east curb of the street, *held* to take the case to the jury on the issue of last clear chance, and the granting of nonsuit was error.

APPEAL by plaintiff from *Campbell, J.,* February-March 1965 Civil Session of BUNCOMBE.

Plaintiff, as executor of the last will and testament of Alice H. Mc-Niel, who died on 22 January 1964 as a result of injuries received from being struck by defendant's automobile on 21 January 1964, brings this action against the defendant to recover for injuries sustained by plaintiff's testatrix and for her wrongful death.

Plaintiff's evidence tends to show that on 21 January 1964, about 4:50 p.m., testatrix, a dental technician, dressed in white shoes, white stockings, white dress, and a blue or grey sweater, parked her automobile parallel and next to the curb on the west side of Valley Street (a north-south street, 42 feet wide), in Asheville, North Carolina. Testatrix got out of her parked car on the driver's, or left, side, facing south in the direction from which defendant was approaching. Defendant was driving in his right lane, close to the center of the street, some 40 to 60 feet in front of a taxicab operated by one Charles Scarborough. Scarborough was approximately 320 feet distant at the time, and saw testatrix standing by her parked car facing toward him and the defendant. Defendant was traveling at approximately 30 to 35 miles an hour. Valley Street is straight and slightly upgrade in this vicinity and there was no obstruction between testatrix and defendant and there was no other traffic in this vicinity at the time. Testatrix looked to her left and started walking in a normal manner across the street diagonally to her left, in a northeasterly direction, toward the entrance of the place of business of the International Truck and Tractor Company on the east side of Valley Street, where the testatrix had an appointment. Defendant continued traveling about the center of his right lane, followed by Scarborough. Scarborough's vision of testatrix became obstructed by defendant's car as testatrix reached approximately the center of the street. Defendant continued driving in a straight course approaching testatrix, without reducing his speed, sounding his horn, applying his brakes, or turning his car in any manner whatsoever, to the left or right, and struck testatrix with the right front fender of his automobile. Testatrix suffered several broken bones and internal injuries and died as a result of her injuries about 2:40 a.m. the following morning.

There was no pedestrian crosswalk where the testatrix attempted to cross the street.

The defendant in his answer alleged that plaintiff's testatrix was guilty of contributory negligence in that she attempted to cross the street at a point other than a crosswalk and was, therefore, barred from recovery.

The plaintiff in his reply pleaded the failure of the defendant to avail himself of the last clear chance of avoiding a collision with plaintiff's testatrix.

. At the close of plaintiff's evidence the trial judge granted defendant's motion for judgment as of nonsuit, holding as a matter of law that plaintiff's testatrix was contributorily negligent and therefore barred from recovery. The plaintiff excepted to the judge's ruling and appeals, assigning error.

*Meekins, Packer & Roberts by William C. Meekins for plaintiff.*
*Van Winkle, Walton, Buck & Wall by O. E. Starnes, Jr., for defendant.*

. DENNY, C.J. The appellant assigns as error the ruling of the court below in granting the defendant's motion for judgment as of nonsuit at the close of plaintiff's evidence, on the ground that such evidence established the contributory negligence of plaintiff's testatrix as a matter of law.

. The real question for determination is whether or not the plaintiff's evidence was sufficient to carry the case to the jury on the issues of negligence, contributory negligence, last clear chance, and damages, which issues were raised by the pleadings.

The mere fact that plaintiff's testatrix attempted to cross Valley Street at a point other than a crosswalk is not sufficient, standing alone, to support a finding of contributory negligence as a matter of law. This Court, in *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323, in construing subsections (a) and (e) of G.S. 20-174 in connection with this question, said:

> "Here, the evidence discloses that the intestate was crossing the street diagonally within the block, at a point which was neither at an intersection nor within a marked crosswalk, and the evidence discloses no traffic control signals at the adjacent intersections. Therefore, under the provisions of G.S. 20-174(a) it was intestate's duty to 'yield the right of way to all vehicles upon the roadway.'
>
> "If it be conceded that the intestate failed to yield the right of way as required by this statute, even so, it was the duty of the defendant, both at common law and under the express provisions of G.S. 20-174(e), to 'exercise due care to avoid colliding with' the intestate. * * *
>
> "Nor may the evidence tending to show that intestate failed to yield the right of way as required by G.S. 20-174(a) be treated on this record as amounting to contributory negligence as a matter of law, particularly so in view of the testimony to the effect that intestate at the time he was struck had reached a point about

10 feet from the west curb of the street. Our decisions hold that failure so to yield the right of way is not contributory negligence *per se,* but rather that it is evidence of negligence to be considered with other evidence in the case in determining whether the actor is chargeable with negligence which proximately caused or contributed to his injury. (Citations omitted.)"

Likewise, in *Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462, this Court said:

"While a driver of a motor vehicle is not required to anticipate that a pedestrian seen in a place of safety will leave it and get in the danger zone until some demonstration or movement on his part reasonably indicates that fact, *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246, he must give warning to one on the highway or in close proximity to it, and not on a sidewalk, who is apparently oblivious of the approach of the car or one whom the driver in the exercise of ordinary care may reasonably anticipate will come into his way. *Trainor's Adm'r. v. Keller,* 79 S.W. 2d 232.

"It is his duty to sound his horn in order that a pedestrian unaware of his approach may have timely warning. If it appears that the pedestrian is oblivious for the movement of the nearness of the car and of the speed at which it is approaching, ordinary care requires him to blow his horn, slow down, and, if necessary, stop to avoid inflicting injury. (Citations omitted.)

"He must make certain that pedestrians in front of him are aware of his approach. 2 Blash. Auto 370, sec. 2142. * * *"

The appellee relies heavily upon *Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214, to support the ruling of the court below. This case is readily distinguishable from the instant case. The facts in the *Blake* case were, in effect, that plaintiff, a colored woman, dressed in dark clothing, attempted to cross a six-lane highway, at night, at a point other than a crosswalk. The defendant's car was observed some 200 yards away, traveling in plaintiff's direction, at an estimated speed of 60 miles per hour. When plaintiff was in the fourth lane, she observed defendant's car 45 feet away and began to run, but was struck by defendant's car. Nonsuit of plaintiff was properly affirmed by this Court because it was not shown by the evidence that plaintiff was oblivious to defendant's approaching car. In fact, the evidence was to the contrary. Moreover, there was no evidence tending to show that defendant had notice in time and an opportunity to avoid striking plaintiff.

The plaintiff's evidence in the instant case was to the effect that testatrix was plainly visible for "a long distance," but that defendant made no attempt to avoid striking her or to warn her of his approach; nor did he slow down, stop, or try to turn away from the testatrix when he came in close proximity to her when she had reached within a very short distance of the curb on the eastern side of the street.

A plaintiff may not recover on the original negligence of a defendant if the jury should find that plaintiff was guilty of contributory negligence. However, "The contributory negligence of the plaintiff does not preclude a recovery where it is made to appear that the defendant, by exercising reasonable care and prudence, might have avoided the injurious consequences to the plaintiff, notwithstanding plaintiff's negligence; * * *." *Ingram v. Smoky Mountain Stages, Inc.*, 225 N.C. 444, 35 S.E. 2d 337, and cited cases.

"The doctrine of last clear chance is the humane rule of law that imposes upon a person the duty to exercise ordinary or due care to avoid injury to another who has negligently placed himself in a situation of danger, and who he can reasonably apprehend is unconscious thereof or is unable to avoid the danger." Strong's North Carolina Index, Vol. III, Negligence, § 10, page 456, where numerous cases on the subject are cited.

In our opinion, the plaintiff's evidence was sufficient to carry the case to the jury on the issues hereinabove set out and the court below committed error in sustaining defendant's motion for judgment as of nonsuit, and we so hold.

Reversed.