SAMUEL W. EARLE, ADMINISTRATOR OF THE ESTATE OF JULI-ANNE EARLE, DECEASED v. LOUISE MARTIN WYRICK

No. 67

(Filed 26 November 1974)

1. Negligence § 12— last clear chance

   The contributory negligence of a plaintiff does not preclude recovery where it is made to appear that the defendant discovered, or by the exercise of reasonable care should have discovered, the perilous position of the plaintiff and could have avoided the injury but failed to do so.

2. Automobiles § 89 — last clear chance — sufficiency of evidence

   The trial court erred in failing to submit to the jury an issue of last clear chance where plaintiff's evidence tended to show that plaintiff's intestate and a companion were walking in the paved street at night when the intestate was struck from the rear by defendant's car, that the street was well lighted, was straight and permitted an unobstructed view in either direction, that at the time of the accident there was no interfering traffic and no parked vehicles on the street, that defendant failed to sound her horn, and that defendant did not apply her brakes until immediately after striking the intestate.

   Chief Justice BOBBITT not sitting.

ON *certiorari* to the North Carolina Court of Appeals to review its decision filed June 5, 1974, finding no error in the trial and judgment dismissing the action entered by *Crissman,*

*J.*, in the Superior Court of GUILFORD County (Greensboro Division) at the October 22, 1973 Session.

The plaintiff, Samuel W. Earle, administrator of the estate of his infant daughter, Julianne Earle, age thirteen, instituted this wrongful death action alleging the death of his intestate was proximately caused by the negligence of the defendant in operating her automobile at night on Cornwallis Drive on the outskirts of Greensboro. At the place where the accident occurred, Cornwallis Drive, for several hundred feet both east and west, was straight and permitted an unobstructed view in either direction. The street is paved and thirty feet wide. However, there are no sidewalks on either side so pedestrian and vehicular traffic both use the hard surface. Plaintiff's intestate and her friend, Martha Jane Smith, also thirteen, lived within a few blocks of each other on Cornwallis Drive.

About 8:15 on the evening of April 12, 1971, the two girls, having had dinner at Martha's home, started on foot to intestate's home to spend the night. They both wore white or very light colored clothing and one carried a white suitcase. The plaintiff's evidence indicated the street was well lighted. As the girls walked eastward, an automobile approached going westward, but turned off on a side street in front of the girls. However, at the same time, the defendant, driving her 1968 model Plymouth automobile going east on Cornwallis Drive, approached the girls from the rear. Miss Smith made a break for the curb, but plaintiff's intestate failed to go to either side. She remained in the street and was run down from behind by the defendant's automobile. At the time of the collision there was no interfering traffic and no parked vehicles on either side of the street. The defendant's automobile left skid marks at or near the center of the street for a distance of twenty-six feet.

A witness, Mrs. Greene, intestate's grandmother, testified that immediately after the accident the defendant said to her: "I just didn't see her. That's all. . . . I just don't know. It must be my fault. I just didn't see her."

Another witness, Mr. Collier, who lives near the scene of the accident, testified: "[W]hile I was in my living room by the door, I heard a thud, to me sounded about like a car hitting a sack of bran, and almost simultaneously brakes squeaking. I believe the brake squeak was after the—the hit; but it wasn't much. . . . I did not at any time hear the sound of a horn. . . .

[R]ight out in front of the car I saw the girl laying a little bit to the north of the car. If she could have stretched her arm out, she could have touched the car. . . ." It was at or near the middle of the street.

The plaintiff's complaint alleged the defendant's negligence, giving details, was the proximate cause of the accident. The defendant's answer denied negligence and pleaded intestate's contributory negligence as a bar to recovery. By reply, the plaintiff alleged the defendant saw or should have seen the perilous position of the plaintiff's intestate, had ample opportunity to avoid the injury, should have availed herself of that opportunity which she negligently failed to do, and that such failure was the proximate cause of intestate's death.

At the close of the evidence, the court submitted issues of negligence and contributory negligence, but refused to submit plaintiff's issue of last clear chance.

The jury found the defendant guilty of negligence and found the plaintiff's intestate guilty of contributory negligence. The court entered judgment dismissing the action. Plaintiff's intestate appealed.

*Schoch, Schoch, Schoch and Schoch, by Arch K. Schoch; John T. Manning for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill, by Welch Jordan and Karl N. Hill, Jr., for defendant appellee.*

HIGGINS, Justice.

By agreement of the parties, the jury's finding of negligence on the part of the defendant and the contributory negligence of the plaintiff's intestate are deemed to be established and no question is raised by either party on this appeal with respect to either issue. Nothing else appearing, these findings would be conclusive against the plaintiff's right to recover in the absence of a further issue and finding that the negligent defendant by exercising reasonable care and prudence might have avoided the accident and its injurious consequences to the plaintiff's intestate by the exercise of due care and prudence after the perilous position of intestate was, or should have been, discovered in time to take evasive action.

[1] It is generally held in this State that the contributory negligence of a plaintiff does not preclude recovery where it is

made to appear that the defendant by exercising reasonable care and prudence could have avoided the injurious consequences to the plaintiff, notwithstanding plaintiff's negligence. The doctrine applies if and when it is made to appear that the defendant discovered, or by the exercise of reasonable care should have discovered, the perilous position of the party injured or killed and could have avoided the injury, but failed to do so. *Exum v. Boyles,* 272 N.C. 567, 158 S.E. 2d 845; *Wanner v. Alsup,* 265 N.C. 308, 144 S.E. 2d 18; *Redmon v. R. R.,* 195 N.C. 764, 143 S.E. 829; *Haynes v. R. R.,* 182 N.C. 679, 110 S.E. 56; *Thacker v. Harris,* 22 N.C. App. 103, 205 S.E. 2d 744.

Peril and the discovery of such peril in time to avoid injury constitutes the back-log of the doctrine of last clear chance. *Exum v. Boyles, supra; Wanner v. Alsup, supra; Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462; *Ingram v. Smoky Mountain Stages, Inc.,* 225 N.C. 444, 35 S.E. 2d 337; *Hunter v. Bruton,* 216 N.C. 540, 5 S.E. 2d 719; *Miller v. R.R.,* 205 N.C. 17, 169 S.E. 811.

[2]   In this case, two young girls, age thirteen, were walking on the hard surface of a paved street thirty feet wide on the outskirts of Greensboro. There was no sidewalk on either side of the street. One of the little girls was barefooted. Between the homes of the two girls there was a pine tree with large pine cones on the ground at the curb. Also between the homes was an abandoned alley leading off Cornwallis Drive. This alley contained discarded cans, broken bottles, etc. This evidence was offered indicating the reason why the girls, one barefoot, were walking on rather than off the street surface. The plaintiff's evidence disclosed that the part of the street where the accident occurred was well lighted.

In answer to the interrogatories submitted to the defendant, she stated she was driving 25 to 30 miles an hour, but that she saw the girls only a split second before the impact. The defendant did not offer evidence at the trial. All the evidence indicates the defendant failed to sound the horn.

The appeal here presents the sole question: Was the evidence sufficient to warrant the submission of the issue of last clear chance and to sustain a jury finding in favor of the plaintiff on that issue? After careful review, we conclude that the plaintiff did offer sufficient evidence. The court committed error of law in not submitting the tendered issue.

The decision of the Court of Appeals finding no error in the trial is reversed. The case will be remanded to the Superior Court of Guilford County for the jury's answer to the issue tendered which the court refused to submit. An answer by the jury favorable to the plaintiff on that issue would then require the jury to pass on the issue of damages.

Reversed and remanded.

Chief Justice BOBBITT not sitting.