KIMBERLY WASHINGTON BOWDEN, Administratrix of the Estate of HUBERT WASHINGTON, Plaintiff v. MICHAEL VANCE BELL, GRETA BATTS and RICKY BATTS, Defendants

No. 934SC1135

(Filed 16 August 1994)

1. **Automobiles and Other Vehicles § 570 (NCI4th)— last clear chance—sufficiency of evidence**

   The evidence was sufficient to warrant the submission of the issue of last clear chance to the jury where it tended to show that defendant was driving within the speed limit of 35 m.p.h., had his headlights on, and had good visibility; the officer who arrived on the scene to assist the responding officer testified that the area was lit with streetlights and that he had no problems seeing anybody or anything; defendant had driven through the area many times; defendant saw plaintiff's dog very near the center of the highway; because plaintiff was three feet to the right of the dog, plaintiff would have been in defendant's line of vision; when defendant saw the dog, he did not apply his brakes but merely eased off the accelerator; when defendant finally saw plaintiff, he applied the brakes; at no time did defendant sound his horn; and defendant's tires left skid marks on the highway for twenty feet.

   **Am Jur 2d, Automobiles and Highway Traffic §§ 438-441.**

2. **Evidence and Witnesses § 1656 (NCI4th)— exclusion of testimony and photographs—similar evidence already admitted—no error in exclusion**

   In an action to recover for injuries sustained by plaintiff pedestrian when he was struck by a car driven by defendant, the trial court did not err in excluding testimony and photographs regarding the skid marks found at the scene of the accident, since testimony of other witnesses was identical to the excluded testimony, and a witness testified as to the subject matter of the photographs.

   **Am Jur 2d, Evidence §§ 960 et seq.**

3. **Evidence and Witnesses § 3104 (NCI4th)— evidence of plaintiff's statements—admissibility for corroboration**

   The trial court did not err in admitting testimony regarding statements made by plaintiff, since the statements were substan-

BOWDEN v. BELL

[116 N.C. App. 64 (1994)]

tially consistent with plaintiff's deposition testimony and were therefore admissible as corroborative evidence.

**Am Jur 2d, Witnesses §§ 632 et seq.**

4. **Automobiles and Other Vehicles § 716 (NCI4th)— jury instruction—no expression of opinion**

The trial court's use of the phrase "the negligent defendant" in its instruction on last clear chance served only to distinguish that defendant whom the jury might find negligent from the other defendant and therefore did not constitute an impermissible expression of opinion regarding the alleged negligence of defendants.

**Am Jur 2d, Automobiles and Highway Traffic § 1118.**

**Sufficiency of evidence to raise last clear chance doctrine in cases of automobile collision with pedestrian or bicyclist—modern cases. 9 ALR5th 826.**

Appeal by defendant Michael Vance Bell from judgment entered 13 May 1993 and order filed 4 August 1993 by Judge Ernest B. Fullwood in Duplin County Superior Court. Heard in the Court of Appeals 8 June 1994.

*Harry H. Harkins, Jr. for plaintiff-appellee.*

*Wallace, Morris, Barwick & Rochelle, P.A., by Edwin M. Braswell, Jr., for defendant-appellant Michael Vance Bell.*

LEWIS, Judge.

Plaintiff's decedent, Hubert Washington, commenced this negligence action for injuries received when he was struck by a car driven by defendant Michael Bell (hereinafter "defendant"). Prior to trial, Hubert Washington died, and Kimberly Washington Bowden, as personal representative of Hubert Washington, was substituted as the plaintiff. For purposes of this opinion, however, Hubert Washington will be referred to as "plaintiff." The trial court submitted to the jury issues of negligence, contributory negligence, and last clear chance. The jury found that defendant had the last clear chance to avoid the accident, and awarded plaintiff $35,000 in damages, and judgment was entered accordingly. Defendant moved for a new trial, or alternatively, for judgment notwithstanding the verdict. The trial court

denied both motions. From the judgment and the order denying defendant's motions, defendant appeals.

The evidence at trial tended to show that at approximately 10:00 p.m. on 6 July 1990, plaintiff was attempting to walk across North Carolina Highway 11, a two-lane road. Plaintiff had been drinking alcohol with friends at a house on the east side of Highway 11 and had become intoxicated. At some point during the evening, he left the house to go across the street, and at the time of the accident, he was returning to the house. Plaintiff was accompanied by his medium-sized black and light brown dog.

Defendant was traveling south on Highway 11, driving a car owned by Ricky Batts. Greta Batts was his only passenger. Defendant was driving within the thirty-five mile per hour speed limit. Plaintiff and his dog had started to cross the road from west to east, i.e., from defendant's right to left. Defendant testified that shortly after a car traveling north passed by him, he saw the dog in the road very near the centerline. Defendant did not see plaintiff, who was in defendant's lane of travel, three feet behind the dog. Upon seeing the dog, defendant took his foot off the accelerator to slow the car. He then saw plaintiff, who was standing still in the road, and immediately applied the brakes. Defendant's brakes locked, and the car skidded for approximately twenty feet. As the car skidded, defendant turned it to the right and missed the dog, but was unable to avoid hitting plaintiff. Plaintiff was struck by the left corner of the front bumper and the left side mirror of the car.

I.

Defendant's first contention on appeal relates to the doctrine of last clear chance. That doctrine allows a plaintiff to recover despite his contributory negligence if the defendant had the last clear chance to avoid the accident by exercising reasonable care and prudence but failed to do so. *Williams v. Odell*, 90 N.C. App. 699, 703, 370 S.E.2d 62, 65, *disc. review denied*, 323 N.C. 370, 373 S.E.2d 557 (1988). We note from the outset that the doctrines of contributory negligence and last clear chance have been sharply criticized. In fact, forty-six states have abandoned the doctrine of contributory negligence in favor of comparative negligence. *Bosley v. Alexander*, 114 N.C. App. 470, 471, 442 S.E.2d 82, 83 (1994). In this state, in 1981, the Legislative Research Commission recommended to the General Assembly that it abolish the doctrines of contributory negligence and last clear chance by enacting the Commission's proposed statute on comparative fault.

BOWDEN v. BELL

[116 N.C. App. 64 (1994)]

*North Carolina Legislative Research Comm'n, Rep. to the 1981 General Assembly of North Carolina, Laws of Evidence and Comparative Negligence* (1981). The Commission noted that "[g]eneral agreement exists that courts have utilized special devices, such as last clear chance, . . . primarily to mitigate against the harshness of the contributory negligence rule." *Id.* at 6. *See also* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 66, at 463-64 (5th ed. 1984) ("No very satisfactory reason for the rule [of last clear chance] ever has been suggested. . . . The real explanation would seem to be a fundamental dislike for the harshness of the contributory negligence defense.")

The doctrines of contributory negligence and last clear chance are both common law creations. The former was first adopted by the North Carolina Supreme Court in *Morrison v. Cornelius*, 63 N.C. 346 (1869), and the latter appears to have been first adopted in *Gunter v. Wicker*, 85 N.C. 310 (1881). We note that if the circumstances are compelling, the Supreme Court also has the authority to alter judicially created common law when it deems it necessary in light of experience and reason. *Stephenson v. Rowe*, 315 N.C. 330, 338-39, 338 S.E.2d 301, 306 (1986). However, until the Supreme Court or the General Assembly decides otherwise, these doctrines are part of the law of this state and will remain so. *See Corns v. Hall*, 112 N.C. App. 232, 237, 435 S.E.2d 88, 91 (1993).

[1] Defendant's first contention is that there was insufficient evidence to support the trial court's instruction on last clear chance. In order to invoke the doctrine of last clear chance, an injured pedestrian struck by a vehicle must establish the following four elements:

"(1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him."

*Clodfelter v. Carroll*, 261 N.C. 630, 634-35, 135 S.E.2d 636, 638-39 (1964) (quoting *Wade v. Jones Sausage Co.*, 239 N.C. 524, 525, 80 S.E.2d 150, 151 (1954)). We note that the application of the doctrine has been liberalized by our courts over the years, *Stephens v. Mann*, 50 N.C. App. 133, 135, 272 S.E.2d 771, 773 (1980), *disc. review denied*, 302 N.C. 221, 276 S.E.2d 919 (1981), and that the rule today is that the contributory negligence of the plaintiff does not nullify or cancel the original negligence of the defendant. *Exum v. Boyles*, 272 N.C. 567, 576, 158 S.E.2d 845, 853 (1968). That is, the original negligence of the defendant can be relied on to bring into play the doctrine of last clear chance. *Id.*

The issue of last clear chance must be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine. *Stephens*, 50 N.C. App. at 135, 272 S.E.2d at 772. Defendant contends that there was not sufficient evidence to support the third element of the doctrine, that after he discovered, or should have discovered the peril of plaintiff, he had the time and means to avoid injury to the plaintiff.

When viewed in the light most favorable to plaintiff, the evidence tended to show that defendant was driving within the speed limit of thirty-five miles per hour, that he had his headlights on, and that visibility was good. Trooper Charles Olive, who arrived on the scene to assist the responding officer, testified that the area was lit with streetlights and that he "had no problem seeing anybody or anything" in the street when he arrived. Defendant testified that he had driven through the area on many occasions. In addition, defendant testified that when he first saw the medium-sized black and light brown dog, it was very near the center of the highway, and that because plaintiff was three feet to the right of the dog, plaintiff would have been in defendant's line of vision. When defendant saw the dog he did not apply the brakes, but merely eased off the accelerator. However, when he finally saw plaintiff, he applied the brakes. At no time did defendant sound his horn. Defendant also testified that when he saw plaintiff, plaintiff was standing still in the highway. Finally, defendant's tires left skid marks on the highway measuring approximately twenty feet. We conclude that this evidence was sufficient to support a reasonable inference that after defendant discovered, or should have discovered, plaintiff's peril, he had the time and means to avoid the injury to plaintiff.

BOWDEN v. BELL

[116 N.C. App. 64 (1994)]

We find support for this conclusion in *Earle v. Wyrick*, 286 N.C. 175, 209 S.E.2d 469 (1974). There, the plaintiff and a friend were walking on the paved surface of a road, with their backs toward the defendant's car. The defendant was driving approximately twenty-five to thirty miles per hour. It was nighttime, but the street was well lighted. The defendant saw the plaintiff only a split second before impact and did not sound the horn. The defendant's tires left skid marks measuring twenty-six feet. The Court concluded that this evidence was sufficient to warrant the submission of the issue of last clear chance to the jury. *Id.* at 178, 209 S.E.2d at 471. Likewise, in the instant case we conclude that the evidence supported the instruction on last clear chance.

II.

[2] Defendant's next argument is that the trial court erred in excluding testimony and photographs regarding the skid marks found at the scene of the accident. First, defendant argues that the investigating police officer, Roger Bass, should have been permitted to testify as to the location and nature of the skid marks. At issue was whether defendant's car ever crossed the centerline into the northbound lane. Officer Bass would have testified that he observed skid marks in the southbound lane of Highway 11 at the scene of the accident and that the skid marks veered to the right and were the only skid marks on the highway. Even if we assume that the trial court erred in excluding this testimony, such error was not prejudicial, as the testimony of other witnesses was identical to the excluded testimony. *Environmental Landscape Design Specialist v. Shields*, 75 N.C. App. 304, 308, 330 S.E.2d 627, 629 (1985). Trooper Olive, defendant, his mother, and his passenger, Greta Batts, all testified that the skid marks were in the southbound lane, veered to the right, and never crossed the centerline. Additionally, Trooper Olive, defendant, and Greta Batts testified that they saw no other skid marks on the highway.

Defendant's second argument regarding the skid marks is that the trial court erred in excluding photographs of the skid marks. The photographs were taken the day after the accident and were offered to illustrate Trooper Olive's testimony. Where a photograph is offered to illustrate the testimony of a witness, and the witness testifies as to the subject matter of the photograph, the exclusion of the photograph is not prejudicial error. *Wells v. French Broad Elec. Membership Corp.*, 68 N.C. App. 410, 415, 315 S.E.2d 316, 319, *disc. review denied,*

312 N.C. 498, 322 S.E.2d 565 (1984). Accordingly, this assignment of error is overruled.

## III.

**[3]** Defendant's next contention is that the trial court erred in admitting testimony regarding statements made by plaintiff. Specifically, various witnesses testified that plaintiff made statements to them about the pain in his leg that he suffered as a result of the accident, his inability to sleep because of the pain, his desire to go back to work, and his feeling that he was a burden on his family. There was also testimony that plaintiff's complaints about his leg pain continued until his death. Finally, some of the witnesses testified that plaintiff told them that he had almost completed crossing Highway 11 when he was struck by defendant's car. Defendant contends that this testimony was hearsay and should not have been admitted.

It is clear that out-of-court statements offered to corroborate the prior testimony of a witness are not hearsay. *State v. Gilbert*, 96 N.C. App. 363, 365, 385 S.E.2d 815, 816 (1989). Corroborative evidence in the form of a prior consistent statement is admissible evidence provided that it is substantially consistent with the witness's testimony at trial. *Wachovia Bank & Trust Co., N.A. v. Guthrie*, 67 N.C. App. 622, 627, 313 S.E.2d 603, 606, *disc. review denied*, 311 N.C. 407, 319 S.E.2d 280, *cert. denied*, 312 N.C. 90, 321 S.E.2d 909 (1984). In the case at hand, the video deposition of plaintiff was played for the jury and was admitted into evidence. At deposition, plaintiff testified about the pain in his leg. He stated that his leg hurt all of the time, but sometimes more than others. In addition, plaintiff testified that he was unable to work as a bricklayer because of his injury and that he relied entirely on his family for financial support. Finally, plaintiff testified that at the time he was struck by defendant's car, he had crossed defendant's lane of travel and was almost across the far lane of Highway 11. The out-of-court statements to which defendant objects were substantially consistent with plaintiff's deposition testimony and were therefore admissible as corroborative evidence. We note that the testimony of some of the witnesses was admitted without limitation. However, the admission of evidence, competent for a restricted purpose, such as corroboration, will not be held error in the absence of a request by defendant for a limiting instruction. *State v. Chandler*, 324 N.C. 172, 182, 376 S.E.2d 728, 735 (1989). In the case at hand, since defendant made no such requests, we find no error in the admis-

sion of the witnesses' testimony, which was competent and admissible for corroborative purposes.

## IV.

Defendant's next contention also relates to the testimony of plaintiff's witnesses. Defendant contends that the trial court erred in allowing plaintiff's son to testify that plaintiff was in a "very poor" emotional state and that plaintiff's leg "was broken in three different places." Plaintiff's daughter testified that plaintiff looked "very uncomfortable" and that he was "bleeding from his left ear which was the ear he had problems hearing out of." Defendant argues that the witnesses should not have been permitted to express their opinions on these subjects. We note that, as to the testimony about plaintiff's broken leg and left ear, the witnesses were not stating their opinions, but were merely giving a factual account of what they observed. Thus, defendant's argument as to these two statements is without merit. However, the witnesses' other testimony did include opinions or inferences.

Rule 701 of the Rules of Evidence governs the admissibility of opinion testimony by lay witnesses, and it provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

N.C.G.S. § 8C-1, Rule 701 (1992). The state of a person's health, the emotions he displayed on a given occasion, or other aspects of his physical appearance are proper subjects for lay opinion. *State v. Jennings*, 333 N.C. 579, 607, 430 S.E.2d 188, 201, *cert. denied,* —— U.S. ——, 126 L. Ed. 2d 602 (1993). In the case at hand, the witnesses' testimony was rationally based on their perceptions and was helpful to a clear understanding of their testimony or the determination of a fact in issue. Accordingly, this assignment of error is overruled.

## V.

[4] Defendant's final contention on appeal is that the trial court erred in its instruction to the jury on the issue of last clear chance in that the court expressed an opinion regarding the evidence, in violation of N.C.G.S. § 1A-1, Rule 51(a) (1990). Rule 51(a) provides in part that "a judge shall not give an opinion as to whether or not a fact is fully or

sufficiently proved." To determine whether a party's right to a fair trial has been impaired by remarks of the trial court, this Court must examine the probable effect of the remarks on the jury, irrespective of the motives of the trial court. *Russell v. Town of Morehead City*, 90 N.C. App. 675, 680, 370 S.E.2d 56, 59 (1988). This test requires an examination of the circumstances under which the remarks were made and the probable meaning of the remarks to the jury. *Id.*

The present case involved alternative allegations of negligence by plaintiff against defendant Michael Bell and defendant Greta Batts. Plaintiff alleged that each was the driver of the car and was negligent in its operation, and alternative issues of negligence were submitted to the jury. Issue one concerned the alleged negligence of defendant Bell, and issue two, that of defendant Greta Batts. Issue three concerned the alleged contributory negligence of plaintiff. It is in this context that we must review the court's charge on last clear chance. The court began its instruction on last clear chance as follows:

> The fourth issue reads again, did *the negligent defendant* have the last clear chance to avoid injury to the plaintiff[']s intestate? You will answer this issue only if you have already answered one of the issues yes as to one of the defendants' negligence in favor of the plaintiff. And the issue as to the plaintiff['s] intestate['s] contributory negligence in favor of the defendants.

(Emphasis added). Thereafter, in setting forth the elements of the doctrine of last clear chance, the court again used the phrase "the negligent defendant." Defendant argues that the court's use of that phrase in the instruction amounted to an expression of an opinion by the court that plaintiff had sufficiently proven that defendant was negligent.

We believe that when the instruction on last clear chance is viewed in the context of the alternative allegations of negligence, it is apparent that the court was not expressing its opinion as to the alleged negligence of the defendants. From the issues submitted, the jury could find that either, but not both, defendant Bell or defendant Greta Batts was negligent. And, the doctrine of last clear chance would apply only to the negligent defendant. Thus, the court's use of the phrase "the negligent defendant" in the instruction on last clear chance served only to distinguish that defendant whom the jury might find negligent from the other defendant. Further, the court instructed the jury:

The law as indeed it should requires that the presiding judge should be absolutely impartial and express no opinion as to the facts. Therefore, you're not to draw any inference from any ruling that I have made, nor let any inflection in my voice or anything else that I may have said or done during this trial influence you as to whether any part[] of the evidence should be believed or disbelieved, as to whether any fact has or has not been proved, or as to what your findings ought to be. It is your duty to find the true facts of the case from the evidence presented.

We conclude that when the instruction on last clear chance is viewed in the context of the entire charge, the instruction could not be seen by the jury as an expression of an opinion by the court. Accordingly, this assignment of error is overruled.

For the reasons stated, we conclude that the trial court committed no error.

No error.

Judges EAGLES and COZORT concur.