HEATHER LYNN HILL, Plaintiff-Appellant
v.
ANTHONY LEWIS THOMPSON and ALICIA LYNN DICKINSON, Defendants-Appellees
No. COA09-231
Court of Appeals of North Carolina
Filed October 6, 2009
This case not for publication
J.W. Bryant, Law Firm, P.L.L.C., by John Walter Bryant, for plaintiff-appellant.
Smith Law Offices, P.C., by Robert E. Smith, for defendants-appellees.
CALABRIA, Judge.
Heather Lynn Hill ("plaintiff") appeals an order granting summary judgment to Anthony Lewis Thompson ("Thompson") and Alicia Lynn Dickinson ("Dickinson") (collectively "defendants"). We affirm in part and reverse in part.
On 25 October 2004, plaintiff was struck by a vehicle owned by Dickinson and operated by Thompson when she crossed a highway near her home. The point where plaintiff crossed the road was neither a marked nor unmarked crosswalk, on a portion of highway that is located in a valley between two hills. Plaintiff suffered multiple injuries that required surgery and a hospital stay. At the time of the collision, plaintiff was fifteen years old.
Plaintiff filed an action against defendants in Wake County Superior Court alleging negligence and seeking damages for personal injury and pain and suffering. Defendants filed an answer in which they alleged contributory negligence. Plaintiff then filed a reply alleging that Thompson had the last clear chance to avoid the collision. Defendants moved for summary judgment on the basis of plaintiff's contributory negligence. On 16 September 2008, the trial court granted summary judgment to defendants. Plaintiff appeals.
"In ruling on a motion for summary judgment, the court does not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact." Ragland v. Moore, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980) (citation omitted). The movant must demonstrate "that there is no triable issue of fact and that he is entitled to judgment as a matter of law." Id. "In considering the motion, the trial judge holds the movant to a strict standard, and `all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion.'" Id. (quoting Caldwell v. Deese, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975)). Summary judgment is rarely appropriate in a negligence case, "since the standard of reasonable care should ordinarily be applied by the jury under appropriate instructions from the court." Ragland, 299 N.C. at 363, 261 S.E.2d at 668. Plaintiff argues that the trial court erred in granting summary judgment to defendants because plaintiff was a child and therefore is entitled to have her actions considered under a lower standard of care than an adult. Additionally, plaintiff argues that plaintiff's status as a child required a higher standard of care from Thompson. We disagree.
"After reaching the age of 14 there is a rebuttable presumption that [a] youth possesse[s] the capacity of an adult to protect himself, and he is therefore presumptively chargeable with the same standard of care for his own safety as if he were an adult." Golden v. Register, 50 N.C. App. 650, 653, 274 S.E.2d 892, 894 (1981)(citations omitted). In the instant case, there is no evidence that plaintiff, who was fifteen years old at the time of the accident, was lacking in her ability, capacity, or intelligence. Therefore, plaintiff is charged, when crossing the highway, with the same standard of care as an adult.
"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." N.C. Gen. Stat. § 20-174(a) (2007).
The failure of a pedestrian crossing a roadway at a point other than a crosswalk to yield the right of way to a motor vehicle is not contributory negligence per se; it is only evidence of negligence. However, the court will nonsuit a plaintiff-pedestrian on the ground of contributory negligence when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible. Blake v. Mallard, 262 N.C. 62, 65, 136 S.E.2d 214, 216 (1964)(citations omitted). "If the road is straight, visibility unobstructed, the weather clear. . . a plaintiff's failure to see and avoid defendant's vehicle will consistently be deemed contributory negligence as a matter of law." Meadows v. Lawrence, 75 N.C. App. 86, 89-90, 330 S.E.2d 47, 50 (1985).
In the instant case, plaintiff was not crossing at a marked crosswalk or at an intersection with an unmarked crosswalk. Plaintiff's deposition testimony established that the weather was clear, visibility was unobstructed, and that she could see in either direction for approximately one-half of one mile. There is no evidence to indicate that plaintiff would not have been able, had she been keeping a timely lookout, to see and avoid defendants' vehicle. Thus, the trial court properly concluded that plaintiff's failure to yield the right-of-way while crossing the highway constituted contributory negligence as a matter of law.
Plaintiff maintains that a finding of contributory negligence does not preclude her recovery because Thompson still had the last clear chance to avoid the collision. Plaintiff argues that the trial court erred by granting summary judgment to defendants on this issue. We agree.
"[E]very driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway." N.C. Gen. Stat. § 20-174(e) (2007). Summary judgment on the issue of last clear chance is properly granted for the defendant if the plaintiff fails to forecast evidence to show:
(1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him.
VanCamp v. Burgner, 328 N.C. 495, 498, 402 S.E.2d 375, 376-77 (1991)(citations omitted). "The doctrine contemplates a last `clear' chance, not a last `possible' chance, to avoid the injury; it must have been such as would have enabled a reasonably prudent man in like position to have acted effectively." Culler v. Hamlett, 148 N.C. App. 372, 379, 559 S.E.2d 195, 200 (2002)(citation omitted).
[T]he application of the doctrine has been liberalized by our courts over the years, and. . . the contributory negligence of the plaintiff does not nullify or cancel the original negligence of the defendant. That is, the original negligence of the defendant can be relied on to bring into play the doctrine of last clear chance.
Bowden v. Bell, 116 N.C. App. 64, 68, 446 S.E.2d 816, 819 (1994) (internal citations omitted).
In the instant case, Thompson's deposition testimony indicated that he saw plaintiff as he descended a hill on Highway 50. He applied his brakes to slow down to approximately forty-five miles per hour and then continued coasting down the hill. When the plaintiff entered the road in front of him, Thompson slammed on his brakes, blew his horn, and swerved to miss her. Thompson's vehicle left approximately eighty-four feet of tire impressions. Thompson's testimony indicated that he likely would have been able to stop if he had applied his brakes fully at the time he first saw plaintiff. This evidence is sufficient to create a genuine issue of material fact as to whether when Thompson "discovered, or should have discovered the peril of plaintiff, he had the time and means to avoid injury to the plaintiff." Bowden, 116 N.C. App. at 68, 446 S.E.2d at 819. See also Earle v. Wyrick, 286 N.C. 175, 178, 209 S.E.2d 469, 470 (1974). The trial court improperly granted summary judgment to defendants on the issue of last clear chance and that portion of the trial court's order is reversed.
Plaintiff argues that the trial court erred by considering and accepting into evidence incompetent evidence presented by defendants as part of their summary judgment motion. Plaintiff cites no legal authority in support of this argument. "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6) (2008). Accordingly, we conclude this issue is abandoned.
That portion of the trial court's order granting summary judgment to defendants on the issue of plaintiff's contributory negligence is affirmed. The portion of the trial court's order granting summary judgment on the issue of whether Thompson had the last clear chance to avoid the collision is reversed and remanded for a trial on the merits.
Affirmed in part, reversed in part, and remanded.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).