Dale Teasley Plaintiff,
v.
Thomas Teasley, Defendant.
No. COA09-544.
Court of Appeals of North Carolina.
Filed February 16, 2010.
This case not for publication
Clayton, Myrick, McClanahan & Coulter, PLLC, by Robert D. McClanahan & G. Nicole Clayton, for plaintiff-appellant.
Haywood, Denny & Miller, L.L.P., by George W. Miller, III, for defendant-appellee.
WYNN, Judge.
"The issue of last clear chance must be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine."[1] In the present case, there is evidence to support a reasonable inference that Defendant Thomas Teasley knew that Plaintiff Dale Teasley was in a position of helpless peril, and that Defendant negligently failed to avoid injuring Plaintiff. We, therefore, reverse the trial court's grant of summary judgment on the issue of last clear chance.
Plaintiff Dale Teasley is a professional painter. For the last four years Plaintiff was employed by the Durham Public School System as a painter, and before that he owned his own painting business. Defendant Thomas Teasley is Dale's uncle. Defendant worked for the Department of Transportation until 1988 when he retired, and has owned a family farm since 1962.
Approximately ten or fifteen years ago, Defendant purchased a used backhoe to use around the farm. The backhoe has a "front-end-loader bucket" attachment on one end. Defendant owns a house located on Highway 15 in Creedmoor, North Carolina. Prior to the date of the incident giving rise to this matter, Defendant had hired a crew of workers to paint the house. The painters had done some preparatory work, but did not show up on the date they were scheduled to paint the house. Around 13 October 2007, Defendant convinced his nephew, Plaintiff, to assist him in painting the house.
Plaintiff brought his own equipment to the site. The equipment included a twenty-foot-extension ladder and a paint spraying machine. The paint spraying machine compresses paint and sends it through a hose to a wand or spraying attachment. Plaintiff's spray machine has fifty feet of hose, and the wand with the hose weighs approximately ten pounds.
The house Defendant wanted painted is a one story, wooden board house, with a dormer on top of the front porch. Defendant indicated to Plaintiff he would like to have the dormer over the porch painted. When Plaintiff indicated he did not want to use his ladder, Defendant suggested they use the backhoe. Plaintiff recognized that he would have liked to have had different equipment, but agreed to "use what we had."
Defendant's backhoe is a Case model 480 backhoe. At the time, the front-end-loader bucket had a set of forks attached to the bucket used to lift hay, stacks of planks, or lumber. Defendant had a plank laying across the forks to serve as a makeshift scaffold. Plaintiff removed the plank, preferring to get directly into the bucket.
Defendant drove the backhoe to the front porch steps and Plaintiff stepped into the bucket. The bucket was approximately eighteen to twenty inches deep. There was no rail or other safety equipment attached. Plaintiff testified at deposition that he knew there was some risk that the backhoe might jerk and he could fall out. Plaintiff was kneeling in the bucket holding onto a piece of the bucket with one hand and the spray wand with the other. Plaintiff held on to the bucket while Defendant lifted him up to the dormer.
When the bucket stopped rising about six or seven feet off the ground, Plaintiff positioned himself in preparation for painting; held onto the spray wand with both hands; braced himself with his knees; realized he needed more height, and turned to tell Defendant to raise the bucket. Then, the bucket tilted unexpectedly, and Plaintiff told Defendant to correct it. Defendant pulled a lever, and the bucket dropped. The forks hit the ground hard and came unhooked, knocking Plaintiff out of the bucket. Defendant acknowledged that he was attempting to adjust the outrigger behind him at the same time he was trying to level the bucket when he dumped Plaintiff to the ground.
As a result of the fall, Plaintiff suffered injury to his right foot, right ankle, right heel, left elbow, chest, and back.
Plaintiff brought an action against Defendant for negligence on 29 August 2008. Defendant denied negligence, asserting the affirmative defense of contributory negligence. Plaintiff replied, denying contributory negligence and pleading the doctrine of last clear chance should Plaintiff be found contributorily negligent. Defendant later filed a stipulation admitting his negligence. Both parties filed motions for summary judgment.
Following a hearing, the trial court denied Plaintiff's motion for summary judgment on the issues of contributory negligence and last clear chance. The trial court granted Defendant's motion for summary judgment on the same issues. This appeal followed.
Plaintiff's appeal rests on two grounds: (I) that the trial court erred in its disposition of the contributory negligence claim, and (II) that the trial court erred in its disposition of the last clear chance claim.
Preliminarily, we observe that summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (2007). Although summary judgment is "rarely appropriate" in the context of negligence, "the trial court will grant summary judgment . . . where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury." DiOrio v. Penny, 103 N.C. App. 407, 408, 405 S.E.2d 789, 790 (1991) (citations omitted), aff'd, 331 N.C. 726, 417 S.E.2d 457 (1992).
Nothing else appearing, a plaintiff's contributory negligence can bar his recovery for injuries resulting from defendant's negligence. Sawyer v. Food Lion, Inc., 144 N.C. App. 398, 401, 549 S.E.2d 867, 869 (2001). "The existence of contributory negligence is ordinarily a question for the jury; such an issue is rarely appropriate for summary judgment, and only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." Martishius v. Carolco Studios, Inc., 355 N.C. 465, 479, 562 S.E.2d 887, 896 (2002) (citation omitted).
A plaintiff who would otherwise be denied recovery due to his contributory negligence may in certain cases invoke the doctrine of last clear chance. "That doctrine allows a plaintiff to recover despite his contributory negligence if the defendant had the last clear chance to avoid the accident by exercising reasonable care and prudence but failed to do so." Bowden, 116 N.C. App. 64, 66, 446 S.E.2d 816, 818 (citation omitted). "The issue of last clear chance must be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine." Id. at 68, 446 S.E.2d at 819. (citation omitted). "Whether the evidence is sufficient to require submission of the case to the jury on the last clear chance doctrine depends on the facts of the individual case." Wray v. Hughes, 44 N.C.App. 678, 682, 262 S.E.2d 307, 310, disc. review denied, 300 N.C. 203, 269 S.E.2d 628 (1980).

I.
Plaintiff first contends that the trial court erred by denying his motion for summary judgment on the issue of contributory negligence and granting Defendant's motion on the same issue. Plaintiff cites virtually no case law in support of his contention that he was not contributorily negligent, but adverts to the fact that Defendant did not consider the activity a risky venture. He points to the fact that Defendant admitted his negligence with regard to the incident. Plaintiff concludes from this that "there is no material fact or forecast of evidence which can be the basis of any finding of contributory negligence of the plaintiff." We disagree.
This Court and our Supreme Court have upheld findings of contributory negligence as a matter of law where plaintiffs who were riding on the outside of moving vehicles fell off and were injured. In Peeler v. Cruse, for example, this Court upheld the trial court's finding of contributory negligence as a matter of law where plaintiff stood on the two-inch scraping blade of a motor grader machine to catch a ride back up the road, fell when the machine accelerated abruptly, and was run over. 14 N.C. App 79, 82 187 S.E.2d 396, 398 (1972). See also Huffman v. Huffman, 271 N.C. 465, 156 S.E.2d 684 (1967)(front fender of an automobile); Burgess v. Mattox, 260 N.C. 305, 132 S.E.2d 577 (1963) (hood of a truck); Tanner v. State Dept. of Correction, 19 N.C. App. 689, 200 S.E.2d 350(1973) (side rail of a moving truck).
In the present case, Plaintiff, an experienced painter, chose not to use the ladder he had brought with him to the job site. Instead, he put himself in the bucket of his uncle's backhoe, which he knew was only eighteen to twenty inches deep, in order to be lifted over the front porch of a house. He was aware of the risk that he might fall when he stepped into the bucket.
The facts in this case are analogous to those cases in which plaintiffs chose to ride on the outside of an automobile and were injured when they fell off. Such behavior falls below an objective standard of reasonable prudence. See Smith v. Fiber Controls Corp., 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980). The fact relied on by Plaintiff, that Defendant was also negligent, does not change the result. Plaintiff's own actions were a proximate cause of his injury. In light of the precedents above, we hold that the trial court did not err in determining that Plaintiff was contributorily negligent as a matter of law.

II.
Plaintiff also contends the trial court erred in denying his motion for summary judgment on the issue of last clear chance, and granting Defendant's motion on the same issue. We agree.
The doctrine of last clear chance is often invoked in cases where an injured pedestrian claims that the driver who drove into him could have avoided the accident. See e.g. Wade v. Jones Sausage Co., 239 N.C. 524, 526, 80 S.E.2d 150, 151 (1954); Exum v. Boyles, 272 N.C. 567, 573, 158 S.E.2d 845, 851 (1968). The doctrine is not limited to this scenario, however, and has been applied when a passenger was injured by the gross negligence of the driver of the same car. Trantham v. Estate of Sorrells, 121 N.C. App. 611, 613, 468 S.E.2d 401, 402 (citations omitted), disc. review denied, 343 N.C. 311, 471 S.E.2d 82 (1996). The plaintiff must show the following essential elements in order to obtain an instruction on the doctrine of last clear chance:
1) The plaintiff, by [his] own negligence put [him]self into a position of helpless peril;
2) Defendant discovered, or should have discovered, the position of the plaintiff;
3) Defendant had the time and ability to avoid the injury;
4) Defendant negligently failed to do so; and
5) Plaintiff was injured as a result of the defendant's failure to avoid the injury.
Id. at 613, 468 S.E.2d at 402 (citations omitted).
Plaintiff asserts that these elements are met by the facts of this case. We determined earlier that Plaintiff negligently put himself into a position of peril. Plaintiff argues further that Defendant was aware of his helpless condition; Defendant failed to use reasonable means at his command to avoid dumping Plaintiff from the bucket; and, as a result, Plaintiff was injured.
Defendant contends that the first element was not met because Plaintiff was not in a position of helpless peril from which he could not escape by the exercise of reasonable care. See Culler v. Hamlett, 148 N.C. App. 372, 378, 559 S.E.2d 195, 200 (2002). Defendant argues that Plaintiff could have refused to go up in the backhoe, and easily escaped his position of peril. Defendant's analysis somewhat obscures the timeline. The question is not whether Plaintiff could have avoided his position by not getting into the backhoe in the first place, but whether he had an opportunity to avoid the injury once the injury became imminent. Trantham, 121 N.C. App. at 614-15, 468 S.E.2d at 403. Indeed, the case Defendant relies on contradicts his position:
To invoke the doctrine of last clear chance such peril must be helpless or inadvertent. Helpless peril arises when a person's prior contributory negligence has placed her in a position from which she is powerless to extricate herself; while inadvertent peril focuses on failure to focus on one's surroundings and discover her own peril.
Culler, 148 N.C. App. at 379-80, 559 S.E.2d at 201 (citations omitted).
In the present case, the last clear chance inquiry begins with Plaintiff already in the bucket. While it is true that Plaintiff could have escaped from his position of peril six or seven feet above the ground by demanding to be brought down again, yet this escape depended on some action by the Defendant: namely, his carefully lowering the bucket. Thus, Plaintiff, by his prior contributory negligence, placed himself in a position from which he was powerless to extricate himself by his own means. Viewing the evidence in the light most favorable to Plaintiff, we must conclude that the evidence will support a reasonable inference that the first essential element of the doctrine is satisfied.
Defendant further argues that the third element was not met because he did not have the time and means to avoid the injury: as soon as the bucket tipped, Plaintiff was knocked out of the bucket and there was nothing Defendant could do about it. The cases Defendant cites for this proposition hold that a plaintiff will be denied the benefit of the last clear chance doctrine where the time interval was not sufficient to allow the defendant to avoid an accident. See e.g. Pippins v. Garner, 67 N.C. App 484, 486, 313 S.E.2d 245, 246 (1984).
Moreover in Peeler, this Court held the last clear chance doctrine inapplicable where plaintiff's fall from a moving vehicle was caused by a sudden change in speed. 14 N.C. App 79, 187 S.E.2d 396. This Court held that because the jerking motion was foreseeable, then plaintiff could not claim the benefit of last clear chance. Id. at 82, 187 S.E.2d at 398. In the present case, Plaintiff testified that he knew the backhoe could jerk. It would, therefore, seem that Pippens and Peeler dispose of this issue.
The problem is that Plaintiff's fall was not caused by a sudden and foreseeable jerk of the machine. Defendant explained in his deposition that he was attempting to work the outrigger at the same time as he was leveling the bucket, and he pulled a lever that caused the bucket to drop. Plaintiff explained in his deposition that he had a firm grip on the bucket, and that he wouldn't have fallen out if it had tilted all the way down. But when the bucket dropped, the forks hit the ground and came unhooked. The forks then pulled Plaintiff out of the bucket.
It appears Plaintiff's injury may have been proximately caused by an independent act of negligence on the part of Defendant: specifically, Defendant's attempt to adjust both the outrigger and the bucket at the same time. Defendant testified in his deposition that what he should have done was to let the two riggers down first before he manipulated the lifting mechanism. The reason he failed to do so was that "it was a two minute job." Defendant's own theory of what he should have done differently belies his claim that he did not have the time and means to avoid the injury. Viewing the evidence in the light most favorable to Plaintiff, we hold that the evidence will support a reasonable inference that the second and third essential elements of the doctrine are satisfied.
Defendant has stipulated to his negligence in this matter. That stipulation is sufficient to support a reasonable inference that the fourth (defendant negligently failed to avoid the injury) and fifth (plaintiff was injured as a result) essential elements of the doctrine are satisfied.
Accordingly, we conclude that the trial court erred in granting Defendant's motion for summary judgment on the issue of last clear chance. The evidence in this case, when viewed in the light most favorable to the Plaintiff, "will support a reasonable inference of each essential element of the doctrine." Bowden, 116 N.C.App. at 68, 446 S.E.2d at 819. Our holding does not compel an affirmative answer by the jury; it merely recognizes that the issue is properly left to jury determination. Nealy v. Green, 139 N.C. App. 500, 511, 534 S.E.2d 240, 247 (2000). We therefore reverse the trial court's granting of Defendant's motion regarding the doctrine of last clear chance, and remand to the trial court so that the issue may be submitted to a jury.
Reversed in part and remanded in part.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] Bowden v. Bell, 116 N.C. App. 64, 68, 446 S.E.2d 816, 819 (1994) (citation omitted).