DONNIE RAY GROGAN v. MILLER BREWING COMPANY, INC.

No. 8417SC9

(Filed 5 February 1985)

1. **Negligence § 39— injury by forklift—last clear chance—instruction not required**

   In an action to recover for personal injury sustained by plaintiff when he was struck by a forklift operated by defendant's employee, the trial court did not err in failing to instruct the jury on the issue of last clear chance where plaintiff's evidence tended to show that he did not see and was not aware of the forklift approaching until it struck his foot; defendant's evidence tended to show that plaintiff was walking beside the forklift with his hand on its cage; he looked down at his papers momentarily; he suddenly turned and stepped in front of the forklift; the forklift operator watched plaintiff at all times; and when plaintiff turned into the path of the forklift, the operator immediately slammed on brakes.

2. **Negligence § 37.1— failure to sound horn—refusal to instruct**

   Since the issue of defendant's negligence was answered in plaintiff's favor, the trial court's error, if any, in refusing to charge the jury on defendant's negligence which resulted from its agent's failure to sound her horn was harmless.

APPEAL by plaintiff from *Seay, Judge*. Judgment entered 20 September 1983 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 15 October 1984.

This is a civil action to recover for personal injury received by plaintiff from a forklift operated by an employee of Miller Brewing Company. The court instructed the jury on the issues of negligence and contributory negligence. Plaintiff requested submission of the issue of last clear chance to the jury, thereafter the trial court denied the request. From a verdict finding defendant negligent and plaintiff contributorily negligent, plaintiff appeals. Plaintiff contends the court erred in failing to instruct the jury on the issue of last clear chance and in failing to instruct the jury on defendant's negligence, which resulted from defendant's agent's failure to sound her horn.

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan and William L. Young, for defendant appellee.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Michael K. Curtis and Henry N. Patterson, for plaintiff appellant.*

JOHNSON, Judge.

Plaintiff, Ray Grogan, testified that on 11 February 1982 he was present at Miller Brewing Company for the purpose of picking up a load of beer to be transported in his truck. He was in the process of walking from the terminal clerk's cage to the exit when he was struck from behind by a forklift driven by defendant's agent, Sylvia Ann Moore. Plaintiff stated that prior to the accident he saw Ms. Moore on the forklift truck and said "hi" to her, thereafter he left the cage and headed towards the exit. Plaintiff did not see Ms. Moore from the time he walked from the cage to the time he felt a pain in his leg. He did not hear any warning sound, a horn or other device immediately or in the period immediately prior to the time he was struck by the forklift.

Sylvia Ann Moore, the driver of the forklift, testified that there was not a lot of traffic in the area at the time of the accident. Ms. Moore stated Mr. Grogan was holding onto the cage portion of her forklift and that she was talking with Mr. Grogan as he was walking beside the forklift holding onto it. Mr. Grogan

was just slightly ahead of the forklift when he looked down at his papers while continuing to walk alongside of the forklift. She was watching him the entire time, but he suddenly turned and stepped directly into the path of the forklift.

Billy Eugene Beasley, an employee of Miller Brewing Company, testified that he also saw the accident. He was watching Ms. Moore and Mr. Grogan from the time Mr. Grogan left the cage area until the time he was injured. Mr. Grogan was holding the side of the forklift and walking alongside of it when he turned loose of the forklift, took three or four steps, then suddenly turned and stepped in front of the forklift at which time the forklift struck him.

[1] Plaintiff contends that the trial court, based on the facts presented, erred by failing to instruct the jury on the issue of last clear chance. There are four elements that must be satisfied before the trial court is required to instruct the jury as to the doctrine of last clear chance. They are:

(1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care;

(2) That the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands;

(3) That the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and

(4) That the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him.

*Watson v. White,* 309 N.C. 498, 308 S.E. 2d 268 (1983). Considering the evidence in the light most favorable to the plaintiff, we hold that the plaintiff has failed to establish each element necessary to require the issue to be submitted to the jury.

Plaintiff has satisfied the first element, that he could not escape by exercise of reasonable care the position of peril he negligently or inadvertently placed himself. Plaintiff's evidence tends to show that he did not see nor was he aware of the forklift approaching. Therefore, it is reasonable to conclude that plaintiff could not extricate himself from the position of peril in which he had inadvertently placed himself. *See Exum v. Boyles*, 272 N.C. 567, 158 S.E. 2d 845 (1968).

Plaintiff has failed to satisfy the second element, that defendant, through its agent, Sylvia Ann Moore, knew or by exercise of reasonable care could have discovered the plaintiff's perilous position and his incapacity to escape from it before the endangered plaintiff suffered injury at hand. Plaintiff's evidence tends to show that after leaving the cage, he started walking in the direction of the exit. He was unaware of the forklift's approach until it struck his foot. Defendant's evidence tends to show that Ms. Moore saw the plaintiff walking, first alongside of the forklift, then slightly ahead of it. She watched the plaintiff the entire time he was walking near the forklift.

The doctrine of last clear chance imposes liability upon a defendant who did not actually know of the plaintiff's situation if, but only if, the defendant owed a duty to the plaintiff to maintain a lookout and would have discovered his situation had such a lookout been maintained. *Id.* at 575-76, 158 S.E. 2d at 852; *Sink v. Sumrell*, 41 N.C. App. 242, 248, 254 S.E. 2d 665, 670 (1979). Plaintiff has failed to put forth any evidence that defendant knew of plaintiff's perilous position or that by the exercise of reasonable care it could have discovered plaintiff's perilous position. Defendant owed plaintiff a duty to maintain a proper lookout and from the uncontradicted evidence presented by the defendant, its agent, Ms. Moore, maintained a proper lookout while operating the forklift. The evidence reveals that she kept plaintiff in her line of vision at all times prior to the accident. She exercised reasonable care, but was still unable to discover plaintiff's perilous situation.

Assuming *arguendo* that plaintiff did satisfy the first two elements, we hold that plaintiff failed to establish the third element, that defendant's agent had the time and means to avoid the injury to the plaintiff by the exercise of reasonable care after she

discovered plaintiff's perilous position. The evidence tends to show that the plaintiff was walking slightly ahead of the forklift, then suddenly and without any prior warning stepped directly into the path of the forklift. Ms. Moore stated she was watching plaintiff while he was walking near the forklift and when he turned in the path of the forklift she immediately slammed on brakes. Ms. Moore, from the evidence presented, did not have the time or means to avoid the injury.

> [T]he doctrine of last clear chance is invoked "only in the event it is made to appear that there was an appreciable interval of time between the plaintiff's negligence and his injury during which the defendant, by exercise of ordinary care, could or should have avoided the effect of plaintiff's prior negligence." Where there is no evidence that a person exercising a proper lookout would have been able, in the exercise of reasonable care, to avoid the collision, the doctrine of last clear chance does not apply.

*Watson v. White*, 309 N.C. 498, 308 S.E. 2d 268 (1983) (quoting *Mathis v. Marlow*, 261 N.C. 636, 639, 135 S.E. 2d 633, 635 (1964) ). From the facts presented, we find that the trial court properly declined to submit the issue of last clear chance to the jury.

[2] Plaintiff, in his second assignment of error, contends the trial court committed reversible error in refusing to charge the jury on defendant's negligence which resulted from Ms. Moore's failure to sound her horn. The jury found the defendant negligent, thus answering this issue in favor of the plaintiff. Since the issue of defendant's negligence was answered in plaintiff's favor, error, if any, in the ruling challenged by this assignment of error is harmless. *Wooten v. Cagle*, 268 N.C. 366, 150 S.E. 2d 738 (1966); *Hanks v. Insurance Co.*, 47 N.C. App. 393, 267 S.E. 2d 409 (1980); 1 Strong's N.C. Index 3d Appeal and Error, sec. 48, p. 307.

No error.

Chief Judge VAUGHN and Judge WHICHARD concur.

(Former Chief Judge VAUGHN concurred in the result reached in this case prior to 31 December 1984.)