TINA TRANTHAM, PLAINTIFF-APPELLEE v. ESTATE OF RALPH HENRY SORRELLS, JR., BY AND THROUGH THE COURT APPOINTED COLLECTOR, ELTON BRITT SORRELLS, DEFENDANT-APPELLANT

No. COA95-327

(Filed 20 February 1996)

**Automobiles and Other Vehicles § 578 (NCI4th)— last clear chance—opportunity to escape from situation immediately before accident—issue properly submitted to jury**

The trial court did not err in submitting an issue of last clear chance to the jury in plaintiff passenger's action against the driver who was driving at a greatly excessive speed despite protests by passengers in the vehicle, and there was no merit to defendant's contention that plaintiff was not in a position of helpless peril because she had an opportunity to remove herself from the car when the driver stopped at a convenience store, but she instead chose to get back into the car with him, since an opportunity to escape the situation did not arise *immediately* before the accident causing injury.

Am Jur 2d, Automobiles and Highway Traffic §§ 438-441.

Propriety and prejudicial effect of instructions referring to the degree or percentage of contributory negligence necessary to bar recovery. 87 ALR2d 1391.

Appeal by defendant-appellant from judgment entered 17 October 1994 by Judge James U. Downs in Haywood County Superior Court. Heard in the Court of Appeals 10 January 1996.

TRANTHAM v. ESTATE OF SORRELLS

[121 N.C. App. 611 (1996)]

*Russell L. McLean, III, for plaintiff-appellee.*

*Cogburn, Cogburn, Goosmann & Brazil, P.A. by Steven D. Cogburn, and Roberts, Stevens & Cogburn, P.A. by Wyatt S. Stevens for defendant-appellant.*

WYNN, Judge.

On 26 January 1991, plaintiff Tina Trantham visited a bar in Haywood County where she met Cynthia Rymer and agreed to spend the night at her house. They rode together in Ms. Rymer's car which was driven by defendant-decedent, Ralph Henry Sorrells. Ms. Rymer had asked him to drive because she had consumed too much alcohol and Mr. Sorrells had represented that he had consumed only two beers.

Ms. Rymer rode in the front passenger seat, and Ms. Trantham and a male friend of Mr. Sorrells' rode in the back seat. During the course of the drive from Waynesville towards Canton on Interstate 40, Mr. Sorrells drove at a dangerously high rate of speed despite repeated protests and requests by Ms. Rymer and Ms. Trantham for him to slow down. He eventually stopped the car at a convenience store near Clyde, North Carolina where all of the occupants got out and entered the store. After assuring Ms. Rymer that he would drive slower, Mr. Sorrells continued driving the car. Nevertheless, he resumed driving at an excessively high speed again over the protests of Ms. Rymer and Ms. Trantham. Tragically, after turning onto North Canton Road, Mr. Sorrells drove the car into a wall on the roadside causing it to careen into a tree killing him and severely injuring Ms. Trantham and the other passengers.

This action followed and resulted in a jury's finding of negligence and gross negligence on the part of Mr. Sorrells, and contributory negligence and gross contributory negligence on the part of Ms. Trantham. Finding, however, that Mr. Sorrells had the last clear chance to avoid the accident, the jury awarded Ms. Trantham $25,000. Defendant appeals.

---

The primary issue on appeal is whether the trial court erred in submitting the issue of last clear chance to the jury. We find no error and therefore affirm the decision of the trial court.

The issue of last clear chance, "Must be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff,

TRANTHAM v. ESTATE OF SORRELLS

[121 N.C. App. 611 (1996)]

will support a reasonable inference of each essential element of the doctrine." *Bowden v. Bell*, 116 N.C. App. 64, 68, 446 S.E.2d 816, 819 (1994); *Hurley v. Miller*, 113 N.C. App. 658, 669, 440 S.E.2d 286, 292-93 (1994), *rev'd on other grounds*, 339 N.C. 601, 453 S.E.2d 861 (1995). To obtain an instruction on the doctrine of last clear chance, the plaintiff must show the following essential elements:

1) The plaintiff, by her own negligence put herself into a position of helpless peril;

2) Defendant discovered, or should have discovered, the position of the plaintiff;

3) Defendant had the time and ability to avoid the injury;

4) Defendant negligently failed to do so; and

5) Plaintiff was injured as a result of the defendant's failure to avoid the injury.

*Cockrell v. Transport Co.*, 295 N.C. 444, 449, 245 S.E.2d 497, 501 (1978); *Exum v. Boyles*, 272 N.C. 567, 576, 158 S.E.2d 845, 853 (1968).

Defendant argues that the evidence in the instant case insufficiently showed (A) that the plaintiff was in helpless peril at the time of the accident and unable to extricate herself, and (B) that defendant-decedent Sorrells knew or should have known of the helpless position of the plaintiff. For the reasons stated below, we disagree.

A

Defendant first contends that Ms. Trantham was not in a position of helpless peril because she had the opportunity to call a cab after Mr. Sorrells stopped the car at the convenience store. According to defendant's theory of the case, since Ms. Trantham decided not to call a cab but instead decided to continue riding with Mr. Sorrells, she ceased to be in a position of helpless peril and instead assumed the risk of harm by continuing to ride with Mr. Sorrells after she was given the opportunity to exit the car safely. In addition, defendant argues that Ms. Trantham continued to be grossly negligent with respect to her own safety until the moment of the collision because she never asked Mr. Sorrells to stop the car and let her out. Defendant thus concludes that the instruction on the doctrine of last clear chance was erroneous, and constitutes reversible error.

Defendant misconstrues the doctrine of last clear chance by confusing the contributory negligence and gross contributory negligence

of the plaintiff with the ability to extricate oneself from harm immediately before an accident occurs.

The Second Restatement of Torts states:

Last Clear Chance: Helpless Plaintiff.

A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, *immediately preceding the harm,*

(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

(b) the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm, when he

(i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or

(ii) would discover the situation and thus have reason to realize the peril, if he were to exercise the vigilance which it is then his duty to the plaintiff to exercise.

Restatement (Second) of Torts § 479 (1965) (emphasis supplied). The comment to Clause (a) states:

The rule stated in this Section is applicable only when the plaintiff has negligently placed himself in a position of peril from which he cannot, *at the time of the accident,* extricate himself . . . . *[I]f at the time of the accident* he is incapable of averting harm by the exercise of reasonable care, he can recover under the rule stated in this Section, even though his inability is because of some antecedent lack of preparation, since he is required to exercise with reasonable attention, care, and competence only such ability as he then possesses.

*Id.* (emphasis supplied). The thrust of § 479 is that a negligent plaintiff who is unable to avoid the harm placing her in helpless peril *immediately before the accident* which results in her injury may recover against a defendant who has the means and ability to avoid the accident but fails to do so. Thus, the issue here is whether Ms. Trantham was in helpless peril at the time immediately preceding the

accident. *See, e.g., Watson v. White,* 309 N.C. 498, 502-03, 308 S.E.2d 268, 271-72 (1983); *Exum v. Boyles,* 272 N.C. 567, 574-75, 158 S.E.2d 845, 851-52 (1968); *Asbury v. City of Raleigh,* 48 N.C. App. 56, 61-62, 268 S.E.2d 562, 565-66, *disc. review denied,* 301 N.C. 234, 283 S.E.2d 131 (1980) (citing with approval Restatement (Second) § 479, and its predecessor, Restatement of the Law, Torts, Negligence, § 479).

In the instant case, there was no action that Ms. Trantham could have taken before the accident in which she was injured which would have served to reduce or eliminate her chances of injury. At the time immediately before the accident, she was in the back seat of a two-door car without the ability to roll down the window. *See, e.g., Honeycutt v. Bess,* 43 N.C. App. 684, 689, 259 S.E.2d 798, 801 (1979) (it is a question for the jury whether the plaintiff could have escaped from his peril by the exercise of reasonable care).

Defendant argues that Ms. Trantham could have called a cab during the stop at the convenience store. That fact was presented to the jury which found Ms. Trantham to be grossly contributorily negligent, evincing the fact that it carefully considered Ms. Trantham's opportunity to escape the situation. Because this opportunity did not arise immediately before the accident causing injury, it is not relevant to the determination of the applicability of last clear chance.

## B

Defendant next contends that Ms. Trantham did not present sufficient evidence that Mr. Sorrells knew or should have known of her helpless peril. We think it clear beyond the need for citation that a reasonable driver knows or should know of the peril a passenger is in when the driver is driving at a greatly excessive rate of speed.

We assume the presence of the remainder of the elements of last clear chance, since the parties do not dispute their presence. *Hales v. Thompson,* 111 N.C. App. 350, 356, 432 S.E.2d 388, 392 (1993).

No error.

Judges GREENE and McGEE concur.