ERIC JOHN LUHMANN v. BILLY HOENIG AND CAPE CARTERET VOLUNTEER FIRE AND RESCUE DEPARTMENT, INC.

No. 664A03

(Filed 25 June 2004)

**Immunity—sovereign—rural fire department—fire protection districts**

   Although the Court of Appeals properly concluded that defendant rural fire department and defendant fireman were entitled to immunity from plaintiff's suit, the Court of Appeals erred by concluding defendants were entitled to immunity from plaintiff's negligence suit pursuant to N.C.G.S. § 58-82-5, which limits the liability of rural fire departments. Instead, defendants were entitled to sovereign immunity from the suit pursuant to N.C.G.S. § 69-25.8, which provides immunity for fire protection districts, and the fire department waived its sovereign immunity to the extent of its liability insurance that was in excess of one million dollars.

   Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 161 N.C. App. 452, 588 S.E.2d

LUHMANN v. HOENIG

[358 N.C. 529 (2004)]

550 (2003), reversing an order entered 2 April 2002 by Judge W. Allen Cobb, Jr. and a judgment entered 3 May 2002 by Judge Carl Tilghman in Superior Court, Carteret County. Heard in the Supreme Court 10 May 2004.

*Wheatly, Wheatly, Nobles, Weeks, Valentine & Lupton, P.A., by C.R. Wheatly, Jr. and Stevenson L. Weeks, and Gaskins & Gaskins, P.A., by Herman E. Gaskins, Jr., for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Edward C. LeCarpentier III, for defendant-appellants.*

WAINWRIGHT, Justice.

On 26 February 2000, a brush fire started in plaintiff Luhmann's neighborhood. Defendant Cape Carteret Volunteer Fire and Rescue Department, Inc. responded to the fire with several vehicles. Two of the vehicles, a tanker truck and a pumper truck, were connected to one another by a fire hose.

While the fire was being extinguished, plaintiff approached the trucks to speak with a fireman. Plaintiff was not asked to leave the area. As plaintiff was speaking with the fireman, Fire Chief Harold Henrich instructed defendant, fireman Billy Hoenig ("Hoenig"), to leave the scene and replenish the water supply in the tanker truck. Contrary to standard procedures, Hoenig failed to walk around the truck to check for connected hoses. As Hoenig backed away in the tanker truck, the hose connecting the tanker truck to the pumper truck tightened and pinned plaintiff's legs against the pumper truck. Plaintiff felt his leg breaking as someone yelled for the truck to stop.

Plaintiff suffered a fractured tibia, tears in his meniscus cartilage and ruptures in his anterior cruciate ligaments. Plaintiff had two surgeries and underwent physical therapy. As a result of his injuries, plaintiff was forced to sell the auto repair business that he owned. Plaintiff wears a leg brace and has developed a chronic pain syndrome called reflex sympathetic dystrophy. Plaintiff will likely never again climb, stoop, kneel, or crouch. He can occasionally walk. Pain remains a significant part of plaintiff's life. At some point, it is likely that plaintiff will need further treatment, including a possible knee replacement.

On 14 June 2000, plaintiff filed suit against Hoenig and the Cape Carteret Volunteer Fire and Rescue Department, seeking damages for

their alleged negligence. On 5 February 2002, following summary judgment motions by both parties, the trial court ruled that defendants were negligent as a matter of law. On 2 May 2002, a jury awarded plaintiff $950,000 in damages.

On 24 May 2002, defendants filed a Notice of Appeal with the Court of Appeals. On 2 December 2003, a divided panel of the Court of Appeals reversed the trial court's decision and vacated the judgment. *Luhmann v. Hoenig*, 161 N.C. App. 452, 458, 588 S.E.2d 550, 554 (2003). The Court of Appeals majority concluded that defendants were entitled to statutory immunity from plaintiff's suit pursuant to N.C.G.S. § 58-82-5, which limits the liability of rural fire departments. *Id.* at 457, 588 S.E.2d at 553-54. Judge Wynn dissented, concluding that defendants were entitled to sovereign immunity from the suit pursuant to N.C.G.S. § 69-25.8, which provides sovereign immunity for fire protection districts. *Id.* at 458, 588 S.E.2d at 554. Judge Wynn further concluded that defendants had waived their sovereign immunity to the extent that they purchased two insurance policies, in effect at the time of plaintiff's injury, each with a one million dollar policy limit. *Id.* at 459, 588 S.E.2d at 554. Based on Judge Wynn's dissent, plaintiffs appealed to this Court.

The critical issue in the present case is whether defendants are entitled to the statutory immunity in N.C.G.S. § 58-82-5 or the sovereign immunity in N.C.G.S. § 69-25.8.

N.C.G.S. § 58-82-5 states in pertinent part:

(a) For the purpose of this section, a "rural fire department" means a bona fide fire department incorporated as a nonprofit corporation which under schedules filed with or approved by the Commissioner of Insurance, is classified as not less than Class "9" in accordance with rating methods, schedules, classifications, underwriting rules, bylaws, or regulations effective or applied with respect to the establishment of rates or premiums used or charged pursuant to Article 36 or Article 40 of this Chapter and which operates fire apparatus of the value of five thousand dollars ($5,000) or more.

(b) A rural fire department or a fireman who belongs to the department shall not be liable for damages to persons or property alleged to have been sustained and alleged to have occurred by reason of an act or omission, either of the rural fire department or of the fireman at the scene of a reported fire, when that act or

omission relates to the suppression of the reported fire or to the direction of traffic or enforcement of traffic laws or ordinances at the scene of or in connection with a fire, accident, or other hazard by the department or the fireman unless it is established that the damage occurred because of gross negligence, wanton conduct or intentional wrongdoing of the rural fire department or the fireman.

N.C.G.S. § 58-82-5 (2003).

N.C.G.S. § 69-25.8 states in pertinent part:

Any county, municipal corporation or fire protection district performing any of the services authorized by this Article shall be subject to the same authority and immunities as a county would enjoy in the operation of a county fire department within the county, or a municipal corporation would enjoy in the operation of a fire department within its corporate limits.

. . . .

Members of any county, municipal or fire protection district fire department shall have all of the immunities, privileges and rights, including coverage by workers' compensation insurance, when performing any of the functions authorized by this Article, as members of a county fire department would have in performing their duties in and for a county, or as members of a municipal fire department would have in performing their duties for and within the corporate limits of the municipal corporation.

N.C.G.S. § 69-25.8 (2003).

Following the verdict in the trial court, defendants made a motion to stay enforcement of the judgment. In this motion, defendants asserted that under N.C.G.S. § 69-25.8, they were entitled to "enjoy the 'same authority' and the same 'immunities, privileges and rights' as their county and municipal colleagues." Based on this representation, the trial court allowed defendants' motion and entered an order to stay all proceedings to enforce judgment pending resolution of the appeal. Defendants' post-judgment assertion of sovereign immunity pursuant to Chapter 69 mirrors their original pleading of immunity as an affirmative defense in their Answer, where they claimed that they were "entitled to sovereign, governmental and qualified immunity, except to the extent that those immunities may be deemed to have been waived by the purchase of [] liability insurance policies."

Moreover, the facts of the present relationship between the County and the fire department are consistent with a fire protection district within the meaning of Chapter 69. N.C.G.S. § 69-25.5(1) authorizes a board of county commissioners to provide fire protection services for a district by contracting with an incorporated non-profit volunteer fire department. N.C.G.S. § 69-25.5(1) (2003). Under N.C.G.S. § 69-25.4(a), a board of county commissioners is authorized to fund its fire protection services by levying and collecting taxes for that purpose. N.C.G.S. § 69-25.4(a) (2003).

In the present case, the Carteret County Board of Commissioners entered into a contract with the fire department on 13 October 1997, whereby the fire department agreed to provide continuing fire protection within the Cape Carteret Fire and Rescue Service District in exchange for compensation from Carteret County funded by the levy and collection of an ad valorem property tax not to exceed ten cents per one hundred dollars valuation on all taxable property within the district. This contractual arrangement generated approximately $850,000 a year for the fire department, accounting for approximately 98% of its annual budget, and transforming the department from one staffed by volunteers to one staffed by paid professionals.

Thus, based on defendants' own representations to the trial court, as well as our fact-specific examination of the relationship between the Cape Carteret Volunteer Fire and Rescue Department and Carteret County, we are satisfied that the fire department in this case constitutes a fire protection district within the meaning of Chapter 69. As such, the fire department is entitled to the same immunities as a county or municipal fire department under N.C.G.S. § 69-25.8.

The well-established common law principle of sovereign immunity referenced in Chapter 69 precludes a county, as a recognizable unit of the state, from being sued except upon its consent or waiver of immunity. *Dawes v. Nash County*, 357 N.C. 442, 445, 584 S.E.2d 760, 762 (2003). Under N.C.G.S. § 153A-435(a), the purchase of liability insurance "waives the county's governmental immunity, to the extent of insurance coverage, for any act or omission occurring in the exercise of a governmental function." N.C.G.S. § 153A-435(a) (2001).

Here, the Cape Carteret Volunteer Fire and Rescue Department was covered by liability insurance in excess of one million dollars.

Therefore, to the extent of this insurance coverage, the Fire Department has waived its sovereign immunity pursuant to N.C.G.S. § 153A-435(a) and is liable for damages.

Accordingly, the opinion of the Court of Appeals is reversed as to the issue of sovereign immunity. However, as to the additional assignments and cross assignments of error raised by both parties but not addressed by the Court of Appeals, this case is hereby remanded to the Court of Appeals for its consideration of these issues.

REVERSED AND REMANDED.