TYSON, Judge.
This case is before this Court on remand from the Supreme Court to consider the remaining issues on appeal from the trial court. Luhmann v. Hoenig, 358 N.C. 529, 597 S.E.2d 763 (2004). Judgment was entered for Eric John Luhmann ("plaintiff") following a jury's verdict and award of $950,000.00 for injuries he sustained in an accident that occurred at a fire scene. A detailed summary of the facts is set forth in our previous opinion, Luhmann v. Hoenig, 161 N.C. App. 452, 588 S.E.2d 550 (2003). Pertinent facts are presented to provide context for the remaining issues.
Plaintiff was injured when fireman Billy Hoenig ("Hoenig") moved a tanker truck at the scene of a fire. The hose connecting the tanker truck to the pumper truck remained attached to both trucks. As a result, plaintiff was pinned against the tanker truck by the hose and sustained serious bodily injuries.
Plaintiff filed an action against Hoenig and Cape Carteret Volunteer Fire and Rescue Department, Inc., ("Fire Department") (collectively, "defendants") alleging their negligence caused his injuries. After plaintiff and defendants filed motions for summary judgment, the trial court found: (1) Hoenig and the Fire Department were negligent as a matter of law; (2) plaintiff was entitled to partial summary judgment on the issue of negligence; and (3) both parties' motions for summary judgment on the issue of contributory negligence were denied. At trial, the jury found plaintiff to be contributorily negligent and further found Hoenig had the last clear chance to avoid causing injury to plaintiff. The jury awarded plaintiff $950,000.00 in damages, and the trial court entered judgment thereon. Defendants appeal. Plaintiff filed cross-assignments of error with this Court.
Our Supreme Court ruled the Fire Department waived sovereign immunity to the extent it purchased insurance. Luhmann, 358 N.C. 529, 597 S.E.2d 763. We now consider the remaining issues.
II. Issues
The issues on remand are whether the trial court erred by: (1) granting plaintiff's motion for summary judgment on the issue of negligence; (2) submitting the issue of last clear chance to the jury; (3) denying defendants' motion to continue and motions for a mistrial because plaintiff failed to supplement discovery; and (4) admitting certain testimony after defendants were not provided with supplemental discovery responses in a timely manner.
Plaintiff cross-appealed and contends the trial court erred by: (1) allowing defendants to introduce evidence of signs located on the fire trucks that read, "Keep Back 400 Feet;" (2) submitting the issue of contributory negligence to the jury instead of comparative negligence; and (3) allowing defendants to include documents in the record on appeal that were not in the record below and were not considered by the trial court.
III. Negligence
Defendants contend the trial court erred in granting partial summary judgment for plaintiff on the issue of negligence. We disagree.
Summary judgment should be granted only if "the pleadings,depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003).
The moving party has the burden of showing that the opposing party cannot surmount an affirmative defense which would bar the claim. Once the moving party has met its burden, the opposing party must challenge the motion by forecasting sufficient evidence to illustrate the existence of a prima facie case for trial. However, it is improper for the trial court to consider whether the non-moving party offered evidence to support their claim when the moving party has failed to offer sufficient evidence to defeat the claim in its entirety and demonstrate that it is entitled to judgment as a matter of law.
Wilhelm v. City of Fayetteville, 121 N.C. App. 87, 89, 464 S.E.2d 299, 300-01 (1995) (internal citations omitted).
Actionable negligence occurs when a defendant owing a duty fails to exercise the degree of care that a reasonable and prudent person would exercise under similar conditions or where such a defendant of ordinary prudence would have foreseen that the plaintiff's injury was probable under the circumstances.
Martishius v. Carolco Studios, Inc., 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002) (internal citations omitted).
Defendants argued at the summary judgment hearing and in their brief on appeal that granting partial summary judgment was not proper because genuine issues of material fact existed regarding whether they breached a duty to plaintiff and whether such breach proximately caused his injuries. Specifically, defendants contend a genuine issue exists as to "what caused plaintiff's accident,when Hoenig does not recall his vehicle moving." Defendants argue conflicting evidence was presented on whether Hoenig moved the tanker truck. Hoenig claimed in his deposition that he did not remember moving the tanker truck and did not know how plaintiff became pinned against the truck. However, defendants admitted in their answer the allegations contained in paragraph nine of plaintiff's complaint:
The Defendant Billy Hoenig attempted to drive the second truck away from the scene without disconnecting the fire hose from either truck.
"A party is bound by his pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader. He cannot subsequently take a position contradictory to his pleadings." Rollins v. Miller Roofing Co., 55 N.C. App. 158, 161-62, 284 S.E.2d 697, 700 (1981) (quoting Davis v. Rigsby, 261 N.C. 684, 686, 136 S.E.2d 33, 34 (1964)) (other citations omitted).
Further, Hoenig testified in his deposition that he was aware of the Fire Department's standard safety "walk-around" procedure, which required him to walk around the tanker truck and confirm all equipment was secure before moving the vehicle. Hoenig also agreed it was not a safe procedure to back up the tanker truck while the hose remained connected to another truck. Other firemen observed the waterhose tighten and subsequently heard plaintiff make a "grunt." Hoenig exited the truck and observed plaintiff lying on the ground. Defendants presented nothing to rebut this evidence, but relied on their assertion of immunity as a defense toplaintiff's claim. Our Supreme Court rejected defendants' arguments and affirmed the trial court's ruling that defendants were only entitled to the immunity set forth in N.C. Gen. Stat. § 69-25.8 and not N.C. Gen. Stat. § 58-82-5. See Luhmann, 358 N.C. at 533, 597 S.E.2d at 765.
Defendants "failed to offer sufficient evidence to defeat [plaintiff's negligence] claim." Wilhelm, 121 N.C. App. at 89, 464 S.E.2d at 301. Viewed in the light most favorable to defendants, their judicial admission, along with Hoenig's own deposition testimony, establish that Hoenig negligently moved the tanker truck without conducting a "walk-around" to secure the equipment. Uncontested evidence presented at the summary judgment hearing shows Hoenig's failure to follow this procedure and his movement of the tanker truck caused plaintiff's injuries. This assignment of error is overruled.
IV. Last Clear Chance
Defendants contend the trial court erred in submitting the issue of last clear chance to the jury. We disagree.
"The issue of last clear chance, `must be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine.'" Kenan v. Bass, 132 N.C. App. 30, 32-33, 511 S.E.2d 6, 7 (1999) (quoting Trantham v. Sorrells, 121 N.C. App. 611, 468 S.E.2d 401, disc. rev. denied, 343 N.C. 311, 471 S.E.2d 82 (1996)). An instruction on the doctrine of last clear chance is proper if the plaintiff shows: 1) The plaintiff, by her own negligence put herself into a position of helpless peril; 2) Defendant discovered, or should have discovered, the position of the plaintiff; 3) Defendant had the time and ability to avoid the injury; 4) Defendant negligently failed to do so; and 5) Plaintiff was injured as a result of the defendant's failure to avoid the injury.
Kenan, 132 N.C. App. at 33, 511 S.E.2d at 7-8 (citing Trantham, 121 N.C. App. at 612-13, 468 S.E.2d at 402). As the parties do not dispute the existence of elements one, four, and five, we presume they are supported by sufficient evidence. See Hales v. Thompson, 111 N.C. App. 350, 356, 432 S.E.2d 388, 392 (1993).
Defendants argue element two was not satisfied because Hoenig testified he never saw plaintiff prior to the incident. Even if a party fails to establish this second element of actual discovery, "[t]he doctrine of last clear chance imposes liability upon a defendant who did not actually know of the plaintiff's situation if, but only if, the defendant owed a duty to the plaintiff to maintain a lookout and would have discovered his situation had such a lookout been maintained." Grogan v. Miller Brewing Co., 72 N.C. App. 620, 623, 325 S.E.2d 9, 11, disc. rev. denied, 313 N.C. 600, 330 S.E.2d 609 (1985) (citing Exum v. Boyles, 272 N.C. 567, 575-76, 158 S.E.2d 845, 852 (1968); Sink v. Sumrell, 41 N.C. App. 242, 248, 254 S.E.2d 665, 670 (1979)). Although plaintiff presented no evidence that Hoenig was aware of plaintiff's position, the evidence was sufficient for the jury to consider the issue of whether Hoenig would have discovered plaintiff's position had he maintained a proper lookout or conducted the required "walk-around"safety inspection.
It is uncontroverted that Hoenig had a duty to maintain a proper lookout while operating the tanker truck vehicle. See Exum, 272 N.C. at 577, 158 S.E.2d at 852-53; Grogan, 72 N.C. App. at 623, 325 S.E.2d at 11. Evidence showed the tanker truck and the pumper truck were parked perpendicular to each other. The parties disagree on whether Hoenig had the ability to discover plaintiff's position.
Hoenig testified that in order to view the area around the pumper truck, he was required to "step to the front of [the tanker truck] vehicle and look[] over across [the] hood." He admitted that inside the tanker truck certain areas existed where he could not observe the pumper truck operator or other surrounding areas. Before Hoenig moved the tanker truck, he looked in his rear-view magnification mirrors. Hoenig testified that his "mind was on the trees . . . getting this truck from out between these trees, at the same time, staying far enough away from this pond. . . ." He did not see plaintiff, but admitted the location of the hose that injured plaintiff "would be readily apparent to anyone who was looking down [the] side of the truck." Hoenig moved the tanker truck despite his inability to see the area around his vehicle and without noticing the hose located on the side of the truck. Someone yelled to stop moving the tanker truck. Hoenig "looked across the hood and noticed someone on the ground." It was reasonable for the jury to infer that Hoenig would have noticed plaintiff's perilous position if he had initially maintained aproper lookout or conducted the required "walk-around" procedure.
Next, defendants argue element three was not satisfied because Hoenig did not have "the time or means to avoid the injury," and cite Grogan, 72 N.C. App. at 624, 325 S.E.2d at 11, to support their assertion. In Grogan, this Court held that the plaintiff failed to establish the defendant had the "time or means" to avoid the accident because the plaintiff "suddenly and without any prior warning" darted in front of the machinery being operated by the defendant. Id.
Here, Hoenig described in detail the procedures he completed before moving the tanker truck and estimated that it took him ten to fifteen minutes to prepare his truck for backing. Hoenig explained his preparation was "very, very slow because of the area I was in, and so, I mean, I was taking a long time to perform this." Plaintiff testified that he stood near the trucks for around ten to fifteen minutes and was injured as he "turned to leave." Defendants presented no evidence that plaintiff's position changed "suddenly and without any prior warning." Id. The evidence and testimony "support a reasonable inference" to allow the jury, as the fact finder, to determine defendants had the time or ability to avoid the accident. Kenan, 132 N.C. App. at 32, 511 S.E.2d at 7.
Our review of the record shows that plaintiff presented sufficient evidence to support a reasonable inference of the required elements of the doctrine of last clear chance. As this Court emphasized in Nealy v. Green, our holding that the evidence,taken in the light most favorable to plaintiff, was sufficient to submit the issue of last clear chance to the jury. Our holding should not be interpreted as ruling that the jury was required to answer the issue in the affirmative or negative, or reflect an opinion by this Court on whether the jury answered the issue properly. 139 N.C. App. 500, 511, 534 S.E.2d 240, 247 (2000). As "contradictory evidence was introduced," factual disputes over the issue of last clear chance were appropriate for the jury to resolve. Id. The trial court did not err in submitting this issue to the jury. The jury resolved this issue in plaintiff's favor. This assignment of error is overruled.
V. Motion to Continue and Motions for Mistrial
Defendants argue the trial court erred by denying their motion to continue and motions for mistrial. We disagree.
Initially, defendants' brief states, "Plaintiff's [sic] motions for mistrials based on plaintiff's numerous discovery violations should also have been allowed." We presume defendants made a typographical error in their brief and intended to object to defendants' motions. Defendants cite no authority and fail to provide any argument in support of this statement. Defendants have abandoned this assignment of error and waived appellate review of this argument pursuant to Rule 26 of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 28(b)(6) (2004). This assignment of error is dismissed.
Rule 40 of the North Carolina Rules of Civil Procedure provides, "A continuance may be granted only for good cause shownand upon such terms and conditions as justice may require." N.C. Gen. Stat. § 1A-1, Rule 40(b) (2003).
The standard of review for denial of a motion to continue is generally whether the trial court abused its discretion. Wachovia Bank & Tr. Co. v. Templeton Olds.-Cadillac-Pontiac, 109 N.C. App. 352, 356, 427 S.E.2d 629, 631 (1993). "The chief consideration to be weighed in passing upon the application is whether the grant or denial of a continuance will be in furtherance of substantial justice." Id. The moving party has the burden of proof of showing sufficient grounds to justify a continuance. Shankle v. Shankle, 289 N.C. 473, 482, 223 S.E.2d 380, 386 (1976).
Morin v. Sharp, 144 N.C. App. 369, 373, 549 S.E.2d 871, 873, disc. rev. denied, 354 N.C. 219, 557 S.E.2d 531 (2001). "Our Supreme Court has found error in the denial of motions for continuance where a party, for reasons not of its own making, was unprepared for trial." Green v. Maness, 69 N.C. App. 292, 294, 316 S.E.2d 917, 919, disc. rev. denied, 312 N.C. 621, 323 S.E.2d 922 (1984) (citations omitted).
Defendants argue the trial court should have allowed a continuance because plaintiff failed to supplement discovery pursuant to Rule 26 of the North Carolina Rules of Civil Procedure. Rule 26(e) sets forth the general provisions governing discovery and provides:
(e) Supplementation of responses. - A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (i) theidentity and location of persons having knowledge of discoverable matters, and (ii) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.
(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (i) he knows that the response was incorrect when made, or (ii) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.
(3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses.
N.C. Gen. Stat. § 1A-1, Rule 26(e) (2003).
Here, defendants' First Set of Interrogatories to plaintiff requested plaintiff list all providers who treated him as a result of the alleged incident. Plaintiff listed Carteret General Hospital, Dr. Jeffrey Moore, and Cape Carteret Physical Therapy. In defendants' Request for Production of Documents to plaintiff, defendants requested the medical records of all providers who treated plaintiff in the ten years prior to the accident and also requested the records relating to the accident. Plaintiff's reply acknowledged that certain records existed related to his treatment that he had not yet received. His response was mailed to defendants on 1 November 2000 and indicated, "additional records will be provided upon receipt."
Trial was calendered for 22 April 2002. Defendants assert the trial court abused its discretion in denying their motion tocontinue because plaintiff delivered: (1) on 3 April 2002 a report by Dr. Moore indicating plaintiff was totally disabled; (2) on 9 April 2002 physical therapy records; and (3) on 12 April 2002 videotapes of plaintiff's therapy and surgery procedures. Additionally, defendants motion for a continuance requested the court's permission to conduct an independent medical examination.
The trial court heard the matter on 17 April 2002, granted defendants' request, and entered the order on 19 April 2002 allowing until 22 April 2002 for defendants to obtain an independent medical evaluation.
A thorough review of the record reveals that defendants had received plaintiff's responses to their discovery requests prior to trial and had the opportunity to understand the nature of plaintiff's injuries and his contentions regarding his inability to work. Defendants failed to depose any of the treating physicians or therapists and never obtained an independent medical evaluation after the trial court granted their motion.
Defendants failed to persuade the trial court they were "unprepared for trial" as a result of plaintiff's supplemental responses to discovery. Green, 69 N.C. App. at 294, 316 S.E.2d at 919. Similarly, we are not persuaded the trial court abused its discretion in denying defendants' motion for a continuance. This assignment of error is overruled.
VI. Plaintiff's Cross-Appeal
Plaintiff requests this Court address his arguments on cross-appeal "[i]n the event this Court should [reverse the trialcourt]." As we have overruled defendants' assignments of error and conclude that no error nor an abuse of discretion occurred at trial, we decline to consider plaintiff's arguments.
VII. Conclusion
The trial court did not err by granting plaintiff partial summary judgment on the issue of defendants' negligence. The trial court properly submitted the issues of contributory negligence and last clear chance to the jury. The trial court did not abuse its discretion in denying defendants' motion to continue. The trial court's rulings, orders, and judgments are affirmed.
No Error.
Judges WYNN and LEVINSON concur.
Report per Rule 30(e).