ROBERT LEE DOTSON, Plaintiff,
v.
ROBERT S. DAVIS, Defendant.
No. COA07-789
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Jeffrey J. Walker, P.A., by Jeffrey J. Walker and Tamara C. DiVenere, for Plaintiff-Appellee.
Willardson Lipscomb & Miller, L.L.P., by William F. Lipscomb, for Defendant-Appellant.
STEPHENS, Judge.
On 2 November 2004, Plaintiff Robert Lee Dotson ("Plaintiff"), driving a farm tractor, and Defendant Robert S. Davis ("Defendant"), driving a dump truck loaded with gravel, were involved in a collision, and Plaintiff was injured. A jury determined that Defendant was negligent in causing the collision, that Plaintiff was contributorily negligent in causing the collision, and that Defendant had the last clear chance to avoid the collision. Accordingly, the jury awarded Plaintiff $118,055.25 in damages and costs. From the judgment entered on the jury's verdict, Defendant appeals. The sole issue raised by this appeal is whether the trial court erred in submitting the issue of last clear chance to the jury. We hold that the trial court should not have submitted this issue to the jury and accordingly reverse the trial court's judgment.
Although both parties presented evidence at trial, the basic facts are undisputed. Plaintiff was driving his tractor approximately ten miles per hour west down a two-lane road on a clear, sunny day. At the area in question, the road was straight, flat, and divided by a broken yellow line. Three dump trucks, also traveling west, passed Plaintiff in the road's eastbound lane. After the dump trucks passed, Plaintiff motioned for an SUV to pass him, and the SUV passed him. Defendant was behind the SUV in his dump truck, which weighed 49,000 pounds, and was traveling between fifty and fifty-five miles per hour. Defendant moved into the eastbound lane to pass Plaintiff's tractor. Defendant signaled his lane change but did not blow his horn or otherwise indicate to Plaintiff his intent to pass. Plaintiff began making a left turn across the center line. Immediately upon seeing Plaintiff begin his turn, Defendant applied his brakes. The collision occurred in the eastbound lane.
Plaintiff testified he first saw Defendant "maybe 100 yards" behind him traveling in the west bound lane. Plaintiff testified that after the SUV passed him, he was using his left arm to signal his intention to turn left across the center line and that he never motioned for Defendant to pass him. Plaintiff testified he turned his tractor across the center line "about a foot and a half or two feet." Plaintiff testified that the second time he saw Defendant, Defendant was "100 feet" behind him and "headed into [the] tractor[.]" The next thing Plaintiff remembered was "laying in [a] ditch[.]"
Defendant testified that he moved into the eastbound lane to pass "about 200 feet" behind Plaintiff. Defendant testified that Plaintiff was not signaling a left turn and never looked back or to his left before beginning his turn. Defendant testified he "hit [his brakes] hard" as soon as Plaintiff began turning left, but that "[t]here was just no way possible" to avoid the collision. On direct examination, Defendant estimated that "three seconds" passed between the time Plaintiff began his left turn and the time of impact. When questioned about this testimony on cross-examination, Defendant testified that the accident happened three seconds after he moved into the eastbound lane.
At the charge conference, Defendant argued to the trial court that the evidence was insufficient to submit the issue of last clear chance to the jury. The trial court disagreed and submitted the issue for the jury's consideration. Defendant repeats his argument to this Court.
"The issue of last clear chance must be submitted to the jury if the evidence, viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine." Bass v. Johnson, 149 N.C. App. 152, 158, 560 S.E.2d 841, 845 (2002) (citing Nealy v. Green, 139 N.C. App. 500, 504, 534 S.E.2d 240, 243 (2000)). If there is no evidence, or if the evidence is so slight "'as not reasonably to warrant the inference of the fact in issue or furnish more than material for a mere conjecture, the court will not leave the issue to be passed on by the jury.'" Mt. Olive Mfg. Co. v. Atl. Coast Line R.R. Co., 233 N.C. 661, 670, 65 S.E.2d 379, 386 (1951) (quoting Poovey v. Int'l Sugar Feed Number Two Co., 191 N.C. 722, 726, 133 S.E. 12, 14 (1926)). Where the issue of last clear chance is erroneously submitted to the jury, and where the jury resolves the issues of negligence and contributory negligence in the affirmative, and the issue of last clear chance in the affirmative, the defendant is entitled to judgment. Mt. Olive Mfg. Co., 233 N.C. 661, 65 S.E.2d 379.
The elements of the doctrine of last clear chance are
(1) that the plaintiff negligently placed himself in a position of helpless peril; (2) that the defendant knew or, by the exercise of reasonable care, should have discovered the plaintiff's perilous position and his incapacity to escape from it; (3) that the defendant had the time and ability to avoid the injury by the exercise of reasonable care; (4) that the defendant negligently failed to use available time and means to avoid injury to the plaintiff[;] and (5) as a result, the plaintiff was injured.
Parker v. Willis, 167 N.C. App. 625, 627, 606 S.E.2d 184, 186 (2004) (citing Kenan v. Bass, 132 N.C. App. 30, 32-33, 511 S.E.2d 6, 7-8 (1999)), disc. review denied, 359 N.C. 411, 612 S.E.2d 322 (2005). The doctrine is properly invoked "only in the event it is made to appear that there was an appreciable interval of time between the plaintiff's negligence and his injury during which the defendant, by the exercise of ordinary care, could or should have avoided the effect of plaintiff's prior negligence." Where there is no evidence that a person exercising a proper lookout would have been able, in the exercise of reasonable care, to avoid the collision, the doctrine of last clear chance does not apply.
Watson v. White, 309 N.C. 498, 506, 308 S.E.2d 268, 273 (1983) (quoting Mathis v. Marlow, 261 N.C. 636, 639, 135 S.E.2d 633, 635 (1964)) (emphasis added).
Defendant argues there was no evidence he had the time and means to avoid the injury to Plaintiff. We agree. Under the facts of this case, the relevant interval of time is the time which elapsed between the moment Plaintiff's tractor crossed over the center line and the moment of the collision. Viewing the evidence in the light most favorable to Plaintiff, this interval of time was three seconds. There is no evidence that Defendant could have brought his 49,000-pound dump truck, traveling at a speed of fifty to fifty-five miles per hour, to a complete stop during that interval. Further, it is undisputed that Defendant was keeping a proper lookout and applied his brakes "hard" as soon as Plaintiff started to turn left. Additionally, there is no evidence that Defendant could have maneuvered his dump truck to avoid the collision, particularly given its weight and the speed at which it was traveling. We find apt the words of Judge Hill in Pippins v. Garner, 67 N.C. App. 484, 486, 313 S.E.2d 245, 246 (1984):
[This] is a case of negligence and contributory negligence rather than last clear chance. While the defendant may have had the last possible chance to avoid the injury, defendant had not the time nor the means to have the last clear chance to entitle the submission of the question to the jury.
Because the trial court erroneously submitted the issue of last clear chance to the jury, and because the jury resolved the issues of negligence and contributory negligence in the affirmative, Defendant is entitled to judgment. Mt. Olive Mfg. Co., 233 N.C. 661, 65 S.E.2d 379.
REVERSED.
Chief Judge MARTIN and Judge STEELMAN concur.
Report per Rule 30(e).